UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES MALLOY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 05-1117 (RCL) |
| ) | |
| ALPHONSO R. JACKSON, Secretary of ) | |
| The U.S. Dept. of Housing and Urban ) | |
| Development, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

## ANSWER

Defendant Alphonso R. Jackson, Secretary of the United States Department of Housing and Urban Development, by and through his undersigned counsel, hereby answers Plaintiff's Complaint and Demand For Jury Trial ("Complaint") as follows:

### First Defense

Plaintiff has failed to mitigate his damages.

### Second Defense

The Complaint contains certain claims upon which relief may not be granted.

### Third Defense

In response to the numbered paragraphs of the Complaint, Defendant admits, denies or otherwise avers as follows:

1.   Defendant admits that this action was filed by James Malloy, who was formerly employed as a supervisory Assistant Special Agent in Charge with the Office of Inspector General of the U.S. Department of Housing and Urban Development in Fort

Worth, Texas.  The remainder of Paragraph 1 contains Plaintiff's characterization of the case to which no response is required.

2.     Denies, except to admit that between October 2002 and December 2002, HUD-OIG placed Mr. Malloy under investigation and on administrative leave, and temporarily removed his supervisory duties.

3.     Denies.

4.     Paragraph 4 contains Plaintiff's characterization of this action and summary of his prayer for relief to which no response is required.  To the extent paragraph 4 contains any allegation of fact, denies.

## Parties, Jurisdiction, and Venue

5.     Defendant admits that the Plaintiff was a supervisory special agent employed by HUD-OIG in Region 6 and that he was stationed the HUD-OIG office located in Fort Worth, Texas.  Defendant lacks sufficient knowledge and information to form a belief as to the truth of the remaining allegations in paragraph 5, and therefore denies.

6.     Defendant admits the allegations of paragraph 6.

7.     Paragraph 7 contains conclusions of law to which no response is required. Defendant admits that certain actions or decisions related to Plaintiff's employment and alleged by Plaintiff in the Complaint occurred in the District of Columbia.

## Statement of Facts

### Background

8.     Defendant admits that the Plaintiff was a supervisory special agent employed by HUD-OIG in Region 6 and that he was stationed in the HUD-OIG office located in Fort Worth, Texas, but denies the remainder of the allegations in paragraph 8.

9.     Defendant admits that the allegations contained in paragraph 9 summarize a portion of Plaintiff's duties but denies that paragraph 9 contains a complete itemization of Plaintiff's duties.

10.    Defendant admits that at various times during his appointment, Plaintiff was assigned the responsibilities alleged in paragraph 10, among other duties.

11.    The first sentence contains Plaintiff's characterization of opinions held by unidentified people at an unspecified time as well as his receipt of "many" unspecified awards to which no response is required. Defendant denies the allegation in the second sentence as stated, but admits that Defendant recognized Plaintiff as an OIG Investigation Manager of the Year in 1998, and that Plaintiff was elected chair of the Southwest Regional Inspector General Council, which he helped found, and went to Oklahoma City immediately after the bombing of the federal building in 1998. The remainder of paragraph 11 contains Plaintiff's characterizations to which no response is required. Defendant denies the remainder of the allegations of fact in paragraph 11.

12.    Defendant denies the allegations in paragraph 12, except to admit that HUD-OIG placed Plaintiff under investigation for legitimate, non-discriminatory and non-retaliatory reasons.

### The Attempt By Senior OIG Management In Washington, D.C. to Force Mr. Malloy to Discipline Two Minority Agents Disparately

13. Defendant admits the allegations in paragraph 13.

14. Defendant denies the allegations in paragraph 14.

15. Defendant admits the allegations in paragraph 15.

16. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegation of whether Mr. Chapman was deeply concerned about the possibility alleged and therefore denies the allegations of paragraph 16. Defendant further denies that Mr. Chapman had any basis in fact for such a real or perceived belief.

17. Defendant denies the allegations in paragraph 17.

18. Defendant admits that in September 2002, the Assistant Inspector General for Investigations forwarded a Report of Investigation concerning Special Agent Cortez Richardson for possible disciplinary action, and that the alleged misconduct which was the subject of the Report of Investigation occurred before Special Agent Cortez Richardson was reassigned to Ft. Worth. Defendant denies any other allegations of fact in paragraph 18.

19. Defendant admits the allegations in paragraph 19.

20. Defendant has no knowledge regarding whether Plaintiff thoroughly and carefully reviewed the charges against SA Richardson at least three times, or what conclusions he reached, or why, and therefore denies the allegations in the first two sentences of paragraph 20. Defendant admits that on September 30, 2002 Plaintiff proposed a five day suspension for SA Richardson which SA Richardson accepted and

did not appeal. The remainder of paragraph 20 contains conclusions of law and Plaintiff's characterization to which no response is required.

21. Defendant denies the allegations in paragraph 21.

22. Denies as stated, but Defendant admits that Assistant Inspector General for Investigations Haban forwarded the Report of Investigation on SA Steven Romero on or about August 8, 2002. Defendant denies the remaining allegations of fact in paragraph 22.

23. Defendant admits that the Plaintiff was the proposing official, but has no knowledge of the other facts alleged in paragraph 23, and therefore denies the remaining allegations in paragraph 23.

24. Defendant has no knowledge whether the Plaintiff thoroughly and carefully reviewed the charges against SA Romero, or what conclusions he reached, or why, and therefore denies the allegations in paragraph 24.

25. Defendant admits that the Plaintiff issued Special Agent Romero a Memorandum of Caution on September 30, 2002, but denies all other allegations of fact in paragraph 25.

**Retaliation By Senior Management In OIG Headquarters In Washington, D.C.**

26. Defendant denies the allegations in paragraph 26, and avers that it made all decisions concerning Plaintiff's employment for legitimate, non-discriminatory and non-retaliatory reasons.

27. Defendant admits Mr. Malloy was interviewed on or about September 18, 2002, by the Special Investigations Division, but otherwise denies.

28. Defendant admits the Special Investigations Division was investigating Mr. Chapman for misusing his government automobile and official time, but otherwise denies.

29. Defendant denies the allegations in paragraph 29, and avers that Plaintiff refused to provide documentary evidence requested of him.

30. Defendant admits that the Plaintiff informed the Assistant Inspector General for Investigations that the Plaintiff had proposed or taken disciplinary action regarding SA Richardson and SA Romero on September 30, 2002, but otherwise denies.

31. Defendant admits the Plaintiff was ordered to travel to Washington D.C. for an interview, but otherwise denies.

32. Defendant admits that the interview concerned, in part, Plaintiff's role and actions in the disciplinary actions involving SA Richardson and SA Romero, and avers that the transcript of the interview is the best evidence of its contents. Defendant denies all other allegations of fact in paragraph 32.

33. Defendant denies as stated, admits that the Plaintiff was a subject to investigation into allegations that he obstructed the investigation of Mr. Chapman, and avers that the transcript of the October 10, 2002 interview is the best evidence of its contents.

34. Defendant admits the allegations in paragraph 34, and avers that the transcript of the October 10, 2002 interview is the best evidence of its contents.

35. Defendant admits the allegations in paragraph 35, and avers that the decision to place Plaintiff on administrative leave was for legitimate, non-discriminatory

and non-retaliatory reasons, and further avers that the Memorandum is the best evidence of its contents.

36. Paragraph 36 contains Plaintiff's characterizations to which no response is required. To the extent paragraph 36 contains any allegation of fact, Defendant denies.

37. Defendant admits no other person being interviewed in connection with the investigation of Mr. Chapman was placed on administrative leave because no other person being interviewed in connection with the investigation was withholding or suspected of withholding any evidence or information.

38. Defendant denies the allegations in paragraph 38, except those involving Plaintiff's knowledge for which Defendant lacks sufficient knowledge and information to form a response.

39. Paragraph 39 contains Plaintiff's characterization of his own actions as "refusing to discipline . . . with disproportionate severity . . . because [SA Richardson] is of Native American national origin" to which no response is required. Defendant specifically denies that any recommendation was made to Plaintiff regarding the appropriate sanction, if any, for SA Richardson, and avers that Plaintiff violated HUD-OIG procedures by failing to consult appropriate agency officials for information regarding the matter prior to proposing any action. Defendant further avers that HUD-OIG investigated Plaintiff and placed him on administrative leave for legitimate, non-discriminatory and non-retaliatory reasons. To the extent paragraph 39 contains any allegation of fact, Defendant denies.

**OIG Management in Washington, D.C. Bars Mr. Malloy**
**From Applying for Promotion**

40. Defendant admits the allegations in paragraph 40.

41. Paragraph 41 contains Plaintiff's characterization of his performance and reputation within HUD-OIG to which no response is required. To the extent paragraph 41 contains any allegations of facts, Defendant denies.

42. Defendant denies that it took any unlawful actions concerning Plaintiff, but lacks sufficient knowledge and information to form a belief as to what Plaintiff knew or did not know about the posting of the Special Agent in Charge position for OIG Region 6 in October 2002, and therefore denies.

43. Defendant admits that Plaintiff was not considered for the Special Agent in Charge of Region 6 position because Plaintiff had not submitted an application, and further admits that Assistant Inspector General for Investigations Haban selected a white male to fill the position in or around November 2002.

44. Defendant denies the allegations in paragraph 44.

**Mr.[1] Malloy's Attempt At Being Restored to Active Duty**

45. Defendant lacks sufficient knowledge and information concerning Plaintiff's reaction to being placed under investigation and administrative leave to form a response, and therefore denies that allegation. Defendant admits that Deputy Assistant Inspector General for Investigations Salas received a memorandum from Plaintiff dated October 15, 2002 which is the best evidence of its contents. Plaintiff's characterization

---

[1] There is a typographical error in the Complaint which is not reproduced here.

of the contents of the memorandum in paragraph 45 do not require a response. To the extent paragraph 45 contains any other allegation of fact, Defendant denies.

46. Defendant lacks sufficient knowledge and information concerning when Plaintiff sought counsel, and therefore denies that allegation. The remainder of paragraph 46 contains Plaintiff's characterization of his counsel's efforts to which no response is required.

47. Defendant admits that Deputy Assistant Inspector General for Investigations Salas received a letter dated October 18, 2002 from Robert C. Seldon, Esq., which stated that he was counsel to Plaintiff and which is the best evidence of its contents.

48. Defendant admits that Deputy Assistant Inspector General for Investigations Salas responded to the October 18, 2002 letter from Robert C. Seldon, Esq. by letter dated October 28, 2002, which is the best evidence of its contents. Defendant further admits that the October 28, 2002 letter states that when the Plaintiff refused to cooperate with the investigation, he did so at his own peril. Defendant also admits that the October 28, 2002 letter acknowledges that Plaintiff may file or has filed an informal EEO complaint, but continues on to state that that is his prerogative and such an action will not dissuade the agency from taking appropriate action in an individual's case. Defendant also admits that the letter states that the punishment imposed on Plaintiff's two subordinates did not cause HUD-OIG concern, and that the cause of concern was whether Plaintiff properly followed the disciplinary process. Defendant admits the October 28, 2002 letter concludes by stating that the Plaintiff was placed on administrative leave for the reasons provided in the letter.

**Senior OIG Management In Washington, D.C.
Removes Mr. Malloy From His Supervisory Position,
Refuses to Consider Mr. Malloy For Another Supervisory Position,
And Constructively Discharges Mr. Malloy**

49. Defendant admits the allegations in paragraph 49, and avers that the December 17, 2002 Memorandum is the best evidence of its contents.

50. Defendant admits that the December 17, 2002 Memorandum, which is the best evidence of its contents, advised Plaintiff that, based on the change in circumstances since Plaintiff's request, Assistant Inspector General for Investigations Haban was rescinding his approval for Mr. Malloy to carry over excess annual leave to 2003 because such leave could be used after Mr. Malloy's return to duty as provided in the Memorandum. To the extent paragraph 50 contains any other allegation of fact, Defendant denies.

51. Defendant admits it advertised an opening for an Assistant Special Agent in Charge in Houston, Texas in or around December 2003. Defendant lacks sufficient knowledge and information to form a belief as to when, if ever, Plaintiff became aware of the advertisement for the position, and therefore denies. Defendant admits that the Special Agent In Charge position includes supervisory duties, but denies that the vacant position was at a higher rate of pay than Plaintiff's position at the time.

52. Absent further information as to whom the Plaintiff made an inquiry, Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegations in the first sentence of paragraph 52, and therefore denies. Defendant denies the allegations in the second sentence.

53. Defendant denies the allegations in paragraph 53, but avers that pending completion of the investigation then underway and evaluation of its results, Defendant had no plans to further re-assign Plaintiff.

54. Paragraph 54 contains Plaintiff's characterizations and conclusions of law to which no response is required. To the extent paragraph 54 contains allegations of fact, Defendant denies, including any allegation that Defendant ever suggested outside of its investigation that Plaintiff had engaged in criminal misconduct. Plaintiff further avers that Plaintiff, through his counsel, requested that he be continued on administrative leave in December, 2002, and that Plaintiff's separation from employment by the Defendant via retirement was voluntary.

## Exhaustion of Administrative Remedies

55. Defendant admits the Plaintiff filed an informal complaint of discrimination on October 17, 2002, and avers that the informal complaint is the best evidence of its contents. The remainder of paragraph 55 contains conclusions of law and Plaintiff's characterizations of the informal complaint and the Complaint which do not require a response. To the extent paragraph 55 contains any other allegations of fact, Defendant denies.

56. Defendant admits the allegations in paragraph 56.

57. Defendant admits that on March 1, 2004 Plaintiff requested a hearing from the Washington Field Office of the Equal Employment Opportunity Commission and that Defendant had directed him that he could do so in a transmittal letter accompanying the Report of Investigation. The remainder of paragraph 57 contains conclusions of law to which no response is required.

Case 1:05-cv-01117-RCL   Document 7   Filed 09/29/2005   Page 12 of 17

58. Paragraph 58 contains conclusions of law to which no response is required, and Defendant therefore denies, except to admit that more than 180 days passed between Plaintiff's request for a hearing from the EEOC and his filing of the Complaint.

## COUNT I
## (Retaliation)

59. Defendant repeats his responses to the allegations in paragraphs 1 through 58 above, as though fully set forth here.

60. Paragraph 60 contains Plaintiff's characterizations and/or conclusions of law regarding his actions and/or intentions which do not require a response. Defendant denies that Plaintiff was ever instructed to impose any specific discipline on Special Agents Richardson or Romero, and denies all other allegations of fact in paragraph 60.

61. Defendant denies the allegation in paragraph 61 as stated, admits that it placed Plaintiff on administrative leave pending the completion of an investigation as described in the October 10, 2002 Memorandum, which is the best evidence of its contents, and avers that it did so for legitimate, non-retaliatory reasons.

62. Paragraph 62 contains conclusions of law to which no response is required. Defendant admits that Deputy Assistant Inspector General for Investigations Salas received a letter dated October 18, 2002 from Robert C. Seldon, Esq. which stated that Mr. Seldon was Plaintiff's counsel, and indicated that Plaintiff had or intended to initiate an administrative EEO complaint, but otherwise denies. The October 18, 2002 letter is the best evidence of its contents.

63. Defendant denies the allegations in paragraph 63.

- 12 -

64.     Defendant denies the allegation in paragraph 64 as stated, admits that Plaintiff was not considered for the Special Agent In Charge of OIG Region 6 position, denies knowledge of Plaintiff's interest in the position, and avers that the reason Plaintiff was not considered for the position was that he had not submitted an application.

65.     Defendant admits that its December 17, 2002 Memorandum, which is the best evidence of its contents, returned Plaintiff to duty, but removed his supervisory duties and rescinded approval for Plaintiff to carry over excess annual leave to 2003. Defendant denies that the December 17, 2002 Memorandum removed Plaintiff from his position as a Special Agent, and further denies that these actions were motivated by any protected activity. Defendant avers that its actions were motivated by legitimate, non-retaliatory reasons.

66.     Defendant denies the allegations in paragraph 66.

67.     Defendant denies the allegations in paragraph 67.

68.     Paragraph 68 contains Plaintiff's characterizations and conclusions of law to which no response is required. To the extent paragraph 68 contains allegations of fact, Defendant denies.

69.     Defendant denies the allegations in paragraph 69.

70.     Defendant denies the allegations in paragraph 70.

71.     Defendant denies the allegations in paragraph 71.

72.     Defendant denies the allegations in paragraph 72.

## COUNT II
### (Retaliation)

73.     Defendant repeats his responses to the allegations in paragraphs 1 through 72 above, as though fully set forth here.

74.     Denies as stated, but admits that Plaintiff engaged in protected activity under Title VII of the Civil Rights Act, as amended, when he filed an administrative complaint on October 17, 2002 and when he filed the Complaint in this action on June 6, 2005.

75.     Paragraph 75 contains Plaintiff's conclusions of law to which no response is required.  Defendant admits that Deputy Assistant Inspector General for Investigations Salas received a letter dated October 18, 2002 from Robert C. Seldon, Esq. which stated that Mr. Seldon was Plaintiff's counsel, and indicated that Plaintiff had or intended to initiate an administrative EEO complaint.  Defendant denies the remainder of the allegations in paragraph 75, and avers that the October 18, 2002 letter is the best evidence of its contents.

76.     Defendant denies the allegations in paragraph 76.

77.     Defendant admits that Plaintiff was neither considered nor selected for the position as Special Agent In Charge of OIG Region 6 because he did not apply for the position.  Defendant denies the remaining allegations in paragraph 77, and avers that Plaintiff's EEO activity was not a factor in the selection.

78.     Defendant admits that its December 17, 2002 Memorandum, which is the best evidence of its contents, returned Plaintiff to duty, but removed his supervisory duties and rescinded approval for Plaintiff to carry over excess annual leave to 2003.

Defendant denies that the December 17, 2002 Memorandum removed Plaintiff from his position as a Special Agent, and further denies that these actions were motivated by any protected activity. Defendant avers that its actions were motivated by legitimate, non-retaliatory reasons.

79. Defendant denies the allegations in paragraph 79.

80. Defendant denies the allegations in paragraph 80.

81. Defendant denies the allegations in paragraph 81.

82. Defendant denies the allegations in paragraph 82.

83. Defendant denies the allegations in paragraph 83.

84. Defendant denies the allegations in paragraph 84.

85. Defendant denies the allegations in paragraph 85.

## COUNT III
### (Discrimination Based On National Origin)

86. Defendant repeats his responses to the allegations in paragraphs 1 through 85 above, as though fully set forth here.

87. Defendant lacks sufficient knowledge and information to form a belief as to the truth of the allegation in paragraph 87, and therefore denies.

88. Defendant denies the allegation in paragraph 88 as stated, admits that it placed Plaintiff on administrative leave pending the completion of an investigation as described in the October 10, 2002 Memorandum, which is the best evidence of its contents, and avers that it did so for legitimate, non-discriminatory reasons.

89. Defendant denies the allegations in paragraph 89.

90. Defendant admits that Plaintiff was neither considered nor selected for the position as Special Agent In Charge of OIG Region 6 because he did not apply, but denies the remaining allegations in paragraph 90, and avers that Plaintiff's national origin was not a factor in the selection.

91. Defendant admits that its December 17, 2002 Memorandum, which is the best evidence of its contents, returned Plaintiff to duty, but removed his supervisory duties and rescinded approval for Plaintiff to carry over excess annual leave to 2003, but denies that it removed Plaintiff from his position as a Special Agent and that these actions were motivated by Plaintiff's national origin. Defendant avers that its actions were motivated by a legitimate, non-discriminatory reason.

92. Defendant denies the allegations in paragraph 92.

93. Defendant denies the allegations in paragraph 93.

94. Defendant denies the allegations in paragraph 94.

95. Defendant denies the allegations in paragraph 95.

96. Defendant denies the allegations in paragraph 96.

97. Defendant denies the allegations in paragraph 97.

98. Defendant denies the allegations in paragraph 98

### PRAYER FOR RELIEF

The remainder of the Complaint contains Plaintiff's prayer for relief as to which no response is required. Insofar as a response is required, Defendant denies that Plaintiff is entitled to the relief requested or to any relief whatsoever. In particular, Defendant denies that Plaintiff is entitled to recover any damages in connection with the actions alleged in the Complaint; however, if any damages are recovered, the amount of those

damages is subject to and limited by 42 U.S.C. § 1981a.  Except to the extent expressly admitted or qualified above, Defendant denies each and every allegation in the Complaint.

WHEREFORE, having fully answered, Defendant prays that this action be dismissed and that the Court grant such other and further relief as may be appropriate.

Dated: September 29, 2005.

Respectfully submitted,


/s/_____
KENNETH L. WAINSTEIN, D.C. Bar # 451058
United States Attorney


/s/_____
R. CRAIG LAWRENCE, D.C. Bar # 171538
Assistant United States Attorney


/s/_____
JANE M. LYONS, D.C. Bar # 451737
Assistant United States Attorney
Civil Division
555 Fourth Street, N.W. - Room E4822
Washington, D.C.  20530
(202) 514-7161