UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES MALLOY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|         v. | )   Civil Action No. 05-1117 (RCL) |
| | ) |
| ALPHONSO R. JACKSON, | ) |
|   Secretary Of Housing And | ) |
|   Urban Development, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**JOINT REPORT TO THE COURT**

The parties to the above action hereby submit the following Joint Report to the Court, in accordance with Rule 16, Fed. R. Civ. P., and LCvR 16.3.

    1.) <u>Resolution By Dispositive Motion</u>:   Plaintiff takes the position that this case is unlikely to be resolved on summary judgment or other dispositive motion.  Defendant believes that summary judgment on at least some claims may be appropriate after discovery, but will only file a motion if it is well founded.

    2.) <u>Amendment of Pleadings</u>:   Neither party currently anticipates filing an amended pleading.

    3.) <u>Assignment to a Magistrate Judge</u>:   Defendant does not consent to the assignment of this case to a Magistrate Judge at this time.  Plaintiff is prepared to consider such an assignment if defendant's position changes.

    4.) <u>Settlement Possibility</u>:   Counsel for the parties plan on conferring with their respective clients before the commencement of

discovery to determine whether there is a realistic possibility of settlement discussions bringing about a resolution of this case before discovery begins.  Counsel will continue to confer as appropriate.

     5.)   ADR: Both parties believe that ADR in the form of mediation would be a benefit in this case.

     6.)   Resolution on Summary Judgment: The parties have addressed this issue under paragraph 1, above.  Plaintiff proposes that dispositive motions shall be filed on or before July 1, 2006; oppositions to dispositive motions shall be filed on or before August 1, 2006; and replies shall be filed on or before August 15, 2006.  Defendant proposes that dispositive motions be filed on or before July 14, 2006; oppositions to be filed by August 18, 2006; and replies to be filed by September 11, 2006.  Counsel for both parties intend to cooperate with each other to accommodate modifications to the schedule necessitated by commitments in other cases.

     7.)   Disclosures:  The parties have agreed to make their initial disclosures required by the Federal Rules of Civil Procedure and the Local Rules of this Court within 30 days of the Court's issuance of an Initial Scheduling Order.

     Plaintiff proposes that the parties provide home addresses and telephone numbers of persons identified in disclosures, and that the parties serve copies of all documents identified in disclosures, in order to dispense with unnecessary discovery.  Defendant objects to providing home addresses and telephone numbers for witnesses as an unwarranted invasion of their privacy, particularly because many of the witnesses are law enforcement officers, and because such

disclosure could violate the Privacy Act, 5 U.S.C. § 552a. Defendant suggests that any witnesses Plaintiff deposes elect at that time between providing a home address and consenting to having the U.S. Attorney's Office or agency counsel accept service of a trial subpoena on their behalf. Defendant concurs that copies of documents not already part of the administrative record below should be exchanged.

    8.) <u>Extent of Discovery</u>: The parties agree that discovery should begin on January 1, 2006, and run through June 1, 2006. The parties will utilize the time between now and December 31, 2005 to explore the possibility of settlement.

    Plaintiff anticipates that complete development of an evidentiary record will require discovery to the extent permitted by the presumptive discovery limitations set out in the Federal Rules of Civil Procedure, but at present, does not see a need to exceed those limitation. As many as three or four officials of the Department of Housing and Urban Development Office of the Inspector General were responsible for the employment actions at issue in this case, three or four employees or former employees either witnessed or have knowledge of highly relevant information relevant concerning those actions, and one or more personnel specialists were involved in the actions that comprise the subjects of this suit.

    9.) <u>Expert Witnesses</u>: Plaintiff proposes that expert disclosures, if any, will be made in accordance with the schedule provided under Rule 26(a)(2)(c), Fed. R. Civ. P.; and that, if experts are designated, they be deposed at mutually agreeable dates and times after disclosures are made.

Defendant does not anticipate using expert testimony except to rebut any offered by Plaintiff. Defendant proposes the following schedule for making the disclosures required under Fed. R. Civ. P. 26(a)(2):

        Plaintiff:          March 8, 2006

        Defendant:        April 28, 2006

Defendant agrees that depositions of experts, if any, should be at mutually agreeable dates and times after the disclosures are made and any time until 30 days before trial.

10.) <u>Class Action Issues</u>: Not relevant.

11.) <u>Bifurcation Of Liability And Damages</u>: The parties do not anticipate a need to bifurcate this matter.

12.) <u>Date for Pretrial Conference</u>: The parties agree and propose that the Court schedule a status conference after the close of discovery to schedule additional matters. The parties agree that it would be premature to schedule a pre-trial conference date at this time.

13.) <u>Trial Date</u>: The parties are amenable to having a firm trial date set at the pre-trial conference.

14.) <u>Other Matters</u>: Counsel for both parties are committed to working cooperatively with one another to stipulate to the entry of an appropriate protective order needed to guarantee the confidentiality, and to permit the discovery and disclosure, of information covered by the Privacy Act, 5 U.S.C. § 552a, and other statutes affecting privacy and confidentiality of parties and witnesses in litigation of this nature; and to take account of scheduling conflicts and other issues

that may arise during the course of this case that are not presently foreseen.

Dated: October 24, 2005.

SO STIPULATED:

/s/
Robert C. Seldon, Esq.
  D.C. Bar No. 245100
Molly E. Buie, Esq.
  D.C. Bar No. 483767
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W., Suite 305
Washington, D.C.  20004
Phone (202) 955-6968

Counsel For Plaintiff


/s/
Kenneth L. Wainstein, Esq.
United States Attorney
  D.C. Bar No. 451058


/s/
AUSA R. Craig Lawrence
  D.C. Bar No. 171538


/s/
AUSA Jane M. Lyons
  D.C. Bar No. 451737
United States Attorney's Office
555 Fourth Street, N.W. – Room E4822
Washington, D.C.  20530
Phone (202) 514-7161

Counsel For Defendant