UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES MALLOY, | ) |
|     Plaintiff, | ) |
|         v. | ) Civ. Action No. 05-1117 (RCL) |
| ALPHONSO R. JACKSON, | ) |
|   Secretary Of Housing And Urban Development, | ) |
|     Defendant. | ) |

**PLAINTIFF'S CONSENT MOTION FOR LEAVE
TO FILE AMENDED COMPLAINT**

Plaintiff to the above action respectfully moves the Court, pursuant to Rule 15, Fed. R. Civ. P., for leave to file the Amended Complaint, lodged herewith. The grounds in support of this Motion are fully explained in the accompanying Memorandum of Points and Authorities. A proposed Order has also been filed, in accordance with LCvR 7.1(c).

Counsel for defendant has been advised of this Motion and through its counsel takes the position that plaintiff's proposed amendment is unnecessary, and that plaintiff's motion is wasteful of both parties' resources. Accordingly, although defendant consents to plaintiff's motion purely to avoid what appears to be a pointless dispute about the need for amendment, defendant reserves the right to object in the future to any request to recover any fees or costs associated with plaintiff's instant motion.

Respectfully submitted,

/s/
_____
Robert C. Seldon, Esq.
  D.C. Bar No. 245100

/s/
_____
Molly E. Buie, Esq.
  D.C. Bar No. 483767

Robert C. Seldon & Associates, P.C.
1319 F Street, N.W.
Suite 305
Washington, D.C.  20004
(202) 955-6968

Counsel for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JAMES MALLOY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civ. Action No. 05-1117 (RCL) |
| | ) | |
| ALPHONSO R. JACKSON, | ) | |
| Secretary Of Housing And | ) | |
| Urban Development, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
CONSENT MOTION FOR LEAVE TO FILE AMENDED COMPLAINT**

**INTRODUCTION**

One June 22, 2006, the Supreme Court decided <u>Burlington Northern & Santa Fe R.R. v. White</u>, 126 S. Ct. 2405 (2006), and relieved a plaintiff pursing a claim of retaliation from having to show that he sustained an adverse employment or adverse personnel action. This decision worked a departure from the D.C. Circuit's most recent articulation of the law that controlled this case at the time plaintiff filed his Complaint. <u>E.g.</u>, <u>Stewart v. Evans</u>, 275 F.3d 1126, 1134 (D.C. Cir. 2002). For this reason, plaintiff respectfully seeks leave to file an Amended Complaint to conform his two retaliation claims to <u>Burlington Northern</u>. Plaintiff will not be adding any additional acts to the Complaint, and amendment will neither prejudice defendant nor cause any delay.

1

**ARGUMENT**

**PLAINTIFF SHOULD BE GRANTED LEAVE
TO FILE HIS AMENDED COMPLAINT**

Plaintiff filed his Complaint on June 6, 2005. See Cplt. at docket entry no. 1. At that time, the law in this Circuit was that on a retaliation claim, a plaintiff had to show that "1) [he] engaged in a statutorily protected activity; 2) that the employer took an adverse personnel action; and 3) that a causal connection existed between the two." Brown v. Brody, 199 F.3d, 446, 452, 455 (D.C. Cir. 1999). In other words, a plaintiff pursing a claim of retaliation had to allege and prove that he had suffered an adverse employment or adverse personnel action, just like a plaintiff in a case of discrimination. Id. at 452-53.

On June 22, the Supreme Court issued its decision in Burlington Northern and held that a plaintiff claiming retaliation,

> must show that a reasonable employee would have found the challenged action materially adverse, which in this context means that it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination.

126 S. Ct. at 2415 (internal quotations omitted). The issuance of the Burlington Northern retaliation standard has a concrete impact in this case as the acts that plaintiff has already alleged as retaliatory must now be evaluated under the new standard, to determine whether they were materially adverse actions that "might have dissuaded a reasonable worker from making or supporting a charge of discrimination." Burlington Northern, 126 S. Ct. at 2407. Plaintiff's proposed Amended Complaint tailors the two Counts of

2

retaliation contained in his original Complaint (Count I, ¶ 68; Count II, ¶ 81), to this new standard.

For these reasons, justice requires that plaintiff be granted leave to amend his Complaint.  Defendant has consented to this Motion and would not be prejudiced by amendment as plaintiff will not be adding any additional acts to his Complaint that might impact the discovery process.  Moreover, Rule 15 of the Federal Rules of Civil Procedure requires that leave to amend a complaint "shall be freely given" to a plaintiff.  Indeed, in Foman v. Davis, the Supreme Court held that Rule 15 is an affirmative mandate that should be heeded: "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." 371 U.S. 178, 182 (1962).  In the absence of undue delay, bad faith, or dilatory motive, leave to amend must be granted unless the defendant can demonstrate unfair prejudice.  Id. [1]

---

[1]   Many lower courts have held that leave must be granted unless prejudice can be shown. E.g., Frank v. U.S. West, 3 F.3d 1357, 1365 (10th Cir. 1993); Richards v. Mileski, 662 F.2d 65 (D.C. Cir. 1981); Sackett v. Beaman, 399 F.2d 884 (9th Cir. 1968); Lone Star Import v. Citroen Cars Corp., 288 F.2d 69 (5th Cir. 1961); Goldenberg v. World Wide Shippers and Movers of Chicago, 236 F.2d 198 (7th Cir. 1956); Sunray Oil Corp. v. Sharpe, 209 F. 2d 937 (5th Cir. 1954); Hammerman v. Peacock, 607 F. Supp. 911, 916-17 (D.D.C. 1985); Archbold v. McLaughlin, 181 F. Supp. 175 (D.D.C. 1960).

## CONCLUSION

For the foregoing reasons, plaintiff respectfully moves the Court to grant him leave to file the Amended Complaint, lodged herewith.

Respectfully submitted,

/s/
_____
Robert C. Seldon, Esq.
  D.C. Bar No. 245100

/s/
_____
Molly E. Buie, Esq.
  D.C. Bar No. 483767

Robert C. Seldon & Associates, P.C.
1319 F Street, N.W.
Suite 305
Washington, D.C.  20004
(202) 955-6968

Counsel for Plaintiff