EXHIBIT F22

Disciplinary and Adverse Actions



United States Department of Housing and Urban Development
Office of Inspector General

---

**MANUAL CHAPTER:** 1752

**TITLE:** Disciplinary and Adverse Actions

**MATERIAL TRANSMITTED:** Chapter 1752 — Disciplinary and Adverse Actions

**MATERIAL SUPERSEDED:** Chapter 1752 — Disciplinary and Adverse Actions November 2001

**SUMMARY OF CHANGES:** This is a reissuance of the Disciplinary and Adverse Actions Chapter to clarify information on oral counseling. The paragraphs affected through this reissuance are 1-6.D., 2-1.B., 2-1.D., and II.B. of Appendix B.

**PURPOSE:** This Chapter states the policy and procedures on employee misconduct for the U.S. Department of Housing and Urban Development, Office of Inspector General.

**APPROVED:**

Kenneth M. Donohue
Inspector General



DEPOSITION
EXHIBIT
#3
NUH Fer

8. An action that terminates a time-limited promotion and returns an employee to the position from which temporarily promoted, or to a different position of equivalent grade and pay, if the employee was informed that the promotion was to be of limited duration;

9. The reduction of an employee's rate of basic pay from a rate that is contrary to law or regulation;

10. An action that entitles an employee to grade retention under 5 C.F.R. Part 536, and an action to terminate this entitlement;

11. An action taken or directed by the Office of Personnel Management (OPM) under 5 C.F.R. Part 731;

12. An action against a reemployed annuitant;

13. A directed reassignment; and

14. Any other action excluded from coverage by 5 C.F.R. Part 752, Subparts A, B, C, D, E, and F.

## 1-6  Definitions:

A. **Adverse Action:** A removal, suspension for more than 14 days, furlough for 30 days or less, or reduction in grade or pay, normally a result of misconduct or other management necessity.

B. **Aggravating Factors:** Actions, circumstances, or events that increase or magnify the seriousness or severity of an employee's offense;

C. **Appeal:** A request by an employee to the Merit Systems Protection Board (MSPB) for a review of a suspension of more than 14 days (including an indefinite suspension or an enforced leave action in excess of 14 consecutive days), a reduction in grade or pay, a furlough for 30 days or less, or a removal.

D. **Counseling:** Oral or written actions by a supervisor to provide guidance to an employee concerning conduct in the workplace. Such actions include cautions and warnings. Counseling actions are not disciplinary actions.

E. **Days:** Calendar days.

F. **Deciding Official:** Typically, the management official one level above the official proposing a disciplinary or adverse action. The exception to this is

that when the Inspector General (IG) is the proposing official, he or she is also the deciding official.

G. **Decision Notice:** A written notice from a deciding official to an employee against whom a suspension of 14 days or less or an adverse action (except an emergency furlough) has been proposed, stating the decision on that action.

H. **Disciplinary Action:** A formal action taken by management against an employee, ranging from reprimand to a 14-day suspension.

I. **Douglas Factors:** Factors management must consider when proposing and deciding a suspension or more severe adverse action, as prescribed by Douglas v. Veterans Administration, 5 MSPR 280; 5 MSPB 313 (1981). (See Appendix A to this policy.)

J. **Employee's Reply:** The employee's answer, oral, written, or both, to a proposed suspension or adverse action. The employee may provide affidavits, documents, medical records, or any other information that he or she wishes the deciding official to consider. The oral reply is not a hearing, and the employee does not have the right to call witnesses. The Deciding Official must consider whatever the employee provides.

K. **Enforced Leave:** Placement of an employee in a temporary leave status without duties (or on leave without pay if the employee has no accrued leave) without the employee's consent, pending assessment of appropriate medical documentation and a determination that the employee may safely return to duty. Such action is considered equivalent to a suspension and, if continued for more than 14 days, confers to the employee the right to appeal to MSPB.

L. **Furlough:** Placement of an employee in a temporary status with neither duties nor pay because of lack of work or funds, or for other non-disciplinary reasons.

M. **Indefinite Suspension:** Placement of an employee in a temporary non-duty, non-pay status pending investigation, inquiry or further OIG action. The indefinite suspension continues until the completion of the administrative or legal action that precipitated it. An indefinite suspension is most commonly used when an employee has been indicted for a crime for which a penalty of imprisonment may be imposed.

N. **Mitigating Factors:** Actions, circumstances, or events that lessen the seriousness or severity of the employee's offense.

O. **Nexus:** The relationship or connection between the offense an employee commits and the efficiency of the federal service, including the effective performance of that employee's or any other employee's duties. Any disciplinary or adverse action against an employee must be taken to promote the efficiency of the service.

P. **Proposal Notice:** A written notice to an employee presenting management's intention to impose a suspension of 14 days or less or an adverse action (except an emergency furlough). The proposal notice triggers due process rights for the employee against whom the action is proposed.

Q. **Proposing Official:** Typically, the proposing official is the subject employee's immediate supervisor (or someone at a higher level in the chain of command) who signs and issues the proposal notice.

R. **Reduction in Pay:** Reduction in the rate of basic pay fixed by law or administrative action for the position held by an employee.

S. **Removal:** The involuntary separation of an employee from federal service, except when taken as a reduction-in-force action, or at the expiration of an appointment.

T. **Reprimand:** An official written disciplinary action issued by a supervisor to an employee, and based on misconduct. The reprimand is placed in the employee's Official Personnel Folder (OPF) and remains in effect for two years, unless withdrawn sooner. No proposal notice is required for a reprimand.

U. **Suspension:** Placement of an employee in non-duty, non-pay status for disciplinary reasons.

## 1-7. *Responsibilities.*

A.    Employees are responsible for:

   1. Conducting themselves in a manner that is above reproach and that enhances and furthers the mission of the OIG;

   2. Familiarizing themselves with governing laws, regulations, and OIG policies pertaining to employee conduct, including 5 C.F.R. Part 2635, "Standards of Ethical Conduct for Employees of the Executive Branch;" 5 C.F.R. Part 7501; OIG Manual Chapter 1083; the Table of Penalties in Appendix B of this Chapter; and either the

<u>Disciplinary and Adverse Actions</u>

Investigation/Operations Manual or the Audit Operations Manual, as appropriate.

B.   Supervisors are responsible for:

1.   Informing employees of, and setting an example of, the scrupulous conduct that is expected and required of members of the OIG;

2.   Identifying, early, employee misconduct that needs improvement or correction to prevent serious problems from developing. Performance problems may be treated as misconduct in many situations, such as, but not limited to, performance issues not covered by the employee's performance elements, performance plan not signed, or performance problems resulting from inattention or willfulness; and

3.   Taking appropriate action when misconduct occurs, including ascertaining the facts of the situation, obtaining advice from the Office of Management and Policy (OMAP), Human Resources Division (HRD), or its service contractor (when one exists), and the Office of Counsel; and proposing or taking disciplinary or adverse action, as warranted.

C.   Assistant Inspectors General (AIGs) and Counsel are responsible for:

1.   Ensuring that employee misconduct issues are handled effectively, fairly, and promptly within their respective organizations;

2.   Ensuring that managers within their respective organizations follow the policies set forth in this Chapter;

3.   Serving as a proposing official or deciding official, as appropriate, for actions involving subordinate employees; and

4.   Through their own personal conduct and performance, serving as examples for subordinates by exhibiting the highest ethical and professional standards and leadership qualities and skills.

D.   Proposing officials are responsible for:

1.   Conducting inquiries to ascertain the facts concerning alleged employee wrongdoing;

2.    Requesting support from the Special Investigations Division of the Office of Investigation, if the proposing official needs assistance to examine the allegations and develop the facts;

3.    Evaluating the facts and developing the proposal notice with the assistance of the HRD or its service contractor, when one exists, and the Office of Counsel; and

4.    Issuing an appropriate proposed penalty after review of the Douglas Factors, the Table of Penalties, and all of the surrounding facts and circumstances.

E.    Deciding officials are responsible for:

1.    Obtaining advice, arranging for and considering the employee's oral and written reply, if any (including granting short extensions to the time for providing a reply, when appropriate), evaluating the evidence pertaining to each charge and specification, and arranging for legal review of the decision notice;

2.    Resolving questions of fact by additional inquiry if necessary, providing the subject employee with a written explanation of any adverse facts discovered during the additional inquiry, and allowing the employee an opportunity to respond;

3.    Hearing, or designating a representative to hear, the employee's oral reply. However, the proposing official for the action may not be a representative. In addition, the representative must not have taken part in the events that led to issuance of the proposal notice nor be under the jurisdiction of the proposing official. A representative must be in a position to recommend or make a decision on the proposed action;

4.    Arranging for a written summary of the oral reply. If a verbatim transcript is made, the OIG will pay for the transcript. The summary or transcript will become part of the official file and will be made available to the employee upon request;

5.    Determining the appropriate penalty after reviewing the Douglas Factors, the Table of Penalties, and all of the surrounding facts and circumstances; and

6.    Issuing the decision and initiating the appropriate personnel

action.

F.  The HRD, or its service contractor, when one exists, is responsible for:

    1.  Providing technical guidance and assistance to supervisors and managers on the provisions of this policy and other aspects of · handling employee misconduct;

    2.  Preparing and reviewing non-disciplinary, disciplinary and adverse action notices to assure compliance with law, regulations, and OIG policy;

    3.  Explaining appeal and grievance rights to employees, and providing them with the appropriate documents;

    4.  Serving as technical representative on behalf of the OIG in MSPB appeals; and

    5.  Maintaining official disciplinary and adverse action files.

G.  The Office of Counsel is responsible for:

    1.  Reviewing adverse action notices and decisions before they are issued, and advising AIGs, supervisors, and managers on personnel law;

    2.  Serving as agency representative, as appropriate, on behalf of the OIG on third-party appeals.

H.  OIG staff members wishing to raise allegations of misconduct within the OIG are responsible for doing so through their chain of command, the OIG Hotline, the Special Investigations Division of the Office of Investigation, or other suitable means.  Recipients of such allegations are responsible for placing them in the appropriate channels for proper handling as provided in Section 2 below.

## Section 2 – Procedures

**2-1.  *Determining Appropriate Management Action.***

A.  In taking disciplinary and adverse actions, OIG management must ensure that:

    1.  Charges against an employee are factual and appropriate;

2. Nexus exists between the act(s) of misconduct and the employee's job. This can include the impact of the misconduct on other employees and the mission of the OIG; and

3. Penalties imposed are reasonable.

B. An oral or written counseling, including cautions and warnings, may be appropriate in instances of minor misconduct. For example, a first instance of one hour of unexcused absence may warrant only counseling, while a first instance of more serious misconduct may warrant formal discipline, depending upon the severity of the offense. In choosing a course of action, management must ensure the OIG's high standards of conduct and maintain an appropriate level of discipline within the agency. While oral counseling is the least formal action a supervisor can take, it is advisable to document the occurrence of such counseling. The supervisor's documentation may take a variety of forms, for example, an informal note placed in a drop file.

C. Evaluating cases of employee misconduct requires the exercise of responsible judgment to discipline in proportion to the nature and severity of the offense with the goal of correcting the misconduct, whenever possible. While the OIG subscribes to the principle of progressive discipline (increasing the severity of adverse action, up to removal, for successive instances of misconduct) serious instances of misconduct may warrant removal for the first offense.

D. As needed, management must seek advice from the HRD, or its service contractor, when one exists, prior to initiating oral or written counseling. This technical advice along with a review of the Table of Penalties should be considered prior to the issuance of any oral or written counseling. Management must seek advice from the HRD, or its service contractor, when one exists, when contemplating a disciplinary or adverse action, and must consult with the Counsel's Office when contemplating an adverse action.

E. If an employee is being removed from Federal service for inability to perform the duties and responsibilities of the position for physical or mental disability reasons, the employee will be given information on applying for disability retirement, if he or she has the requisite years of service. If the employee raises physical or mental disability issues before or in response to charges of misconduct, management must consider those issues as described in paragraphs 2-2. B.2. and C.2.

F. The proposing official (or the appropriate AIG in emergency situations) will determine whether an employee remains in a paid duty status during

OIGM 1752                   July 19, 2002

10