# AFFIDAVIT

**WASHINGTON**

**DISTRICT OF COLUMBIA**

I, John McCarty, make the following statement freely and voluntarily to Frank Longoria, who has identified himself to me as a Contract EEO Investigator for the following federal agency: Department of Housing and Urban Development, investigating a complaint of discrimination filed by James Malloy, knowing that this statement may be used in evidence. I understand that this statement is not confidential and may be shown to the interested parties (those with a legal right to know). I hereby solemnly swear or affirm:

1. What is your full name, current position title, grade, and organizational units?

A.   John P. McCarty, Special Agent in Charge, GS-15, and Special Investigations Division, Office of Inspector General, U.S. Department of Housing and Urban Development.

2. How long have you been in this position?

A.   Since March of 2002.

3. Who are your first and second-level supervisors, by name, position title, and when they became your supervisors?

A.   Daniel Salas, Deputy Assistant Inspector General for Investigations, is my first-line supervisor, and has been so since approximately August 25, 2002. R. Joseph Haban, Assistant Inspector General for Investigations, has been my second-line supervisor throughout my tenure at HUD OIG.

4. Explain your organizational relationship to James Malloy, former Assistant Special Agent in Charge (hereinafter the Complainant), and Larry Chapman, former Special Agent in Charge.

A.   James Malloy and Larry Chapman were my colleagues.

5. How long have you known Complainant with dates?

Page 1 of 1                                                      Initials _____

15. Have you recommended or issued instructions to similarly situated employees (i.e., employees awaiting the outcome of an investigation on them) to place them on administrative leave or to prohibit their access to OIG/Government property or both, in the two-year period prior to October 19, 2002? If yes, provide the name, race, DOB, prior EEO activity of the employee with date of action and circumstances.

A.    I have not recommended or issued instructions to similarly situated employees to place them on administrative leave or to prohibit their access to OIG/Government property or both, in the two-year period prior to October 19, 2002.

16. Respond to the Complainant's contentions regarding the treatment of similarly situated employees in similar circumstances, if they were under your supervision within two years prior to October 10, 2002: (1) Daniel Truxal (White, unknown age, unknown prior EEO activity), assigned to Fort Worth, Texas, also refused to provide his personal diaries to SID. However, Mr. Truxal was not told that he was the subject of an investigation, nor was he placed on administrative leave. Mr. Truxal had complete access to his office computer, office phones, and employment files maintained in his HUD OIG office. Additionally, Mr. Truxal did not have his supervisory duties removed, and he remained a GS-14 ASAC. (2) Robert F. Tighe, (White, unknown age, unknown prior EEO activity) Special Agent in Charge in Fort Worth, had numerous allegations raised against him which included racial comments he had made, yet he was never placed on administrative leave. (3) Glen Fox (White, unknown age, unknown prior EEO activity) an auditor assigned to SID, was never placed on administrative leave nor was he ever investigated for serious allegations that included sexual harassment accusations against him and failing to provide information during an internal affairs investigation involving one of his coworkers. Mr. Fox merely received a letter of caution for the sexual harassment issues and the other aforementioned allegation was never investigated. (4) Charles Freyermouth, (White, unknown age, unknown prior EEO activity) former Denver Assistant Special Agent in Charge, was involved in serious misconduct and was never investigated, disciplined or retaliated against by OIG management for his actions. (5) Michael Groskiewicz, (White, unknown age, unknown prior EEO activity) committed perjury in a hearing regarding a criminal matter in April 2002 and was never

placed on administrative leave, investigated, disciplined or retaliated against by HUD OIG management. (6) Michael Napoleone, (White, unknown age, unknown prior EEO activity) failed to follow OIG policy, when he sent a referral letter dated March 29, 2001 that was not on official letterhead, to Montana law enforcement authorities. Mr. Napoleone was never placed on administrative leave, investigated, disciplined or retaliated against by OIG management.

A.    Daniel Truxal was not under my supervision within two years prior to October 10, 2002. Robert F. Tighe was not under my supervision within two years prior to October 10, 2002. Charles Feyermouth was not under my supervision within two years prior to October 10, 2002. Michael Groskiewicz was not under my supervision within two years prior to October 10, 2002. Michael Napoleone was not a similarly situated employee in similar circumstances. Glenn Fox was not a similarly situated employee in similar circumstances. There were never allegations of insubordination, tampering with witnesses, or interfering with an OIG investigation on any of the witnesses above.

17. Is there anything you would like to add?

A.    There is nothing I would like to add.

**Issue 2:** Based on the restrictions placed on his administrative leave, Complainant was denied the opportunity to apply for the position of Supervisory Criminal Investigator, GS-1811-15, Bureau of Public Department [Debt] under Vacancy Announcement Number 03-FESB-002 that opened on October 10, 2002 and closed on October 31, 2002, the same period of time the complainant was on administrative leave and was prohibited to access facilities housing HUD OIG employees:

18. Complainant contends that he was placed on administrative leave, prohibited from accessing facilities housing HUD employees and accessing his HUD assigned computer so that he could not apply for the position in question. Please respond.

A.    I have no knowledge of the aforementioned situation.

Page 5 of 5                                                                 Initials 

42. I have read this statement, consisting of __11__ pages, and it is true, complete, and correct to the best of my knowledge and belief.

_____
Signature

__11/4/03__
Date

Signed and sworn to before me
on this __4th__ day of __November__, __2003__,
at __Washington, D.C.__ .

_____
Neutral witness, notary, or Investigator