UNITED STATES DEPARTMENT OF HOUSING

& URBAN DEVELOPMENT

SID CASE NO. 0200421

INTERVIEW WITH JAMES MALLOY

Fort Worth, Texas

Thursday, September 19, 2002

BETA

(202) 638-2400    Nationwide Court Reporting & Videography Services    (703) 684-BETA
There is No Substitute for Quality
1-800-522-BETA

2

1       P R O C E E D I N G S

2                                               (10:30 a.m.)

3           MR. ROBINSON: Today is

4   September 19, year 2002. This is special

5   agent or assistant to the special agent in

6   charge, John C. Robinson, who works for HUD,

7   Housing & Urban Development, assigned to the

8   Special Investigations Division of the OIG.

9           I am here for the purpose of S-I-D

10  Investigation number 0200421. I am

11  physically located in Fort Worth, Texas at

12  the southwest regional Office of

13  Investigations. I am here for the purpose

14  of interviewing assistant special agent in

15  charge James M. Malloy. Present with me at

16  this investigation is SID at SAC Special

17  Agent Jerry Thomas.

18          Jerry, could you identify yourself

19  and spell your name for the record?

20          MR. THOMAS: Jerry Thomas,

21  T-h-o-m-a-s.

22          MR. ROBINSON: And also I'm here

6

1   Weatherford or Peester, Texas in which he
2   was going to in the process of building --
3   making or building buildings on his property
4   a dwelling, a temporary dwelling, and had
5   done this work or had given oversight of
6   this work during government time, within
7   hours of government time, and has used his
8   official government vehicle in that
9   capacity, having that out there.
10            So basically we're talking about
11   misuse of government time for private and
12   also a misuse of an official government
13   vehicle and what I'm here today to talk to
14   you about is any and all knowledge that
15   concerns this but before we get started and
16   I ask you any questions, further questions,
17   is you just please raise your right hand and
18   I'll swear you in?
19   Whereupon,
20                JAMES MALLOY
21   was called as a witness and, having been
22   first duly sworn, was examined and testified

7

```
 1    as follows:
 2              MR. ROBINSON:  Okay.  First of all
 3    why don't we just start of with the basics
 4    and Mr. Thomas will be chiming in from time
 5    to time with pertinent questions and please
 6    be as -- like I said as thorough in your
 7    answers and I'll make sure that, you know,
 8    whatever you have to say that you will have
 9    an opportunity to give your ample remarks.
10              First of all why don't we just
11    start, what is your position here at the
12    southwest office?
13              THE WITNESS:  I am the assistant
14    special agent in charge and I have been an
15    assistant special agent in charge here
16    until -- since October of 1992.
17              MR. ROBINSON:  And what do you
18    exactly supervise in terms of what entity of
19    this operation?  Is it within house here or
20    is it abstract offices?
21              THE WITNESS:  Up until late '99 I
22    was the only ASAC here and so I was
```

38

1   office because he can do so many things.
2          You know, if I was to ever do
3   anything on my property he would be a good
4   guy to know at that point in time. But,
5   yes, I would say we are friends but that
6   friendship has been tested some by virtue of
7   the fact that he is my immediate supervisor.
8          MR. THOMAS: We are going to need
9   to get copies of your ledgers and calendars
10  for the last three years so we can compare
11  activities. So do you maintain notes at
12  work?
13         THE WITNESS: All I do is I
14  keep -- I get these little floral things --
15  on my chair, and I don't keep too much in
16  them but there they are.
17         MR. THOMAS: Okay. I think we
18  need ledgers, calendars, any diaries that
19  you keep and also --
20         THE WITNESS: Well, that's all I
21  keep is a diary. You all want copies of
22  these?

39

1          MR. THOMAS:  Yes.

2          THE WITNESS:  Okay.

3          MR. THOMAS:  Anything else?

4          MR. ROBINSON:  I don't have

5  anything else, Jim, for you unless you have

6  anything to include, anything else that

7  maybe we forgot to ask you that you think is

8  pertinent in what we're talking about.  If

9  you want to make any, you know, remarks,

10  statements, or concluding statements or

11  whatever that's fine 'cause --

12          THE WITNESS:  I mean, I guess

13  probably I would close by saying we don't

14  work in a vacuum around here and my focus is

15  on what I think it should be which is

16  working the cases and getting the employees

17  the advice and the resources that they need

18  to be successful.  And a lot of the other

19  stuff around here, particularly something

20  like this, would not be anything that would

21  really register with me at the time as being

22  anything important.