UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES MALLOY,<br><br>  Plaintiff,<br><br>  v.<br><br>ALPHONSO R. JACKSON,<br>Secretary of the U.S. Dept. of<br>Housing and Urban Development,<br><br>  Defendant. | Civil Action No. 05-1117 (RCL) |

**PLAINTIFF'S RESPONSES TO DEFENDANT'S
FIRST SET OF REQUESTS FOR ADMISSIONS TO PLAINTIFF**

Pursuant to Rules 26 and 36, Federal Rules of Civil Procedure, plaintiff hereby responds and objects to Defendant's First Set of Requests for Admissions as follows:

1. **Admit that you never personally told the Assistant Inspector General for Investigations R. Joseph Haban that you were of Native American descent.**

Response: Plaintiff states that, in good faith, he cannot recall whether or not he personally orally advised Mr. Haban that he is of Native American descent, however he did notify Mr. Haban of his Native American heritage when he filed his administrative EEO complaint. Plaintiff has made a reasonable search of documents in his possession that might refresh his recollection about this Request for Admission, but has been unable to locate any such documents that would help him remember whether he orally told Mr. Haban of his Native American race / national origin. Accordingly, the information known by plaintiff at this time is insufficient to enable him to admit or deny this Request for Admission. Plaintiff does recall having a conversation about the poorer state of tribes in the Rocky Mountain Region as

1

Response: Deny that plaintiff did not lose any benefits from September 20, 2002 to January 3, 2003.

**8. Admit that you were paid for 380 hours of accumulated annual leave when you retired in January 2003.**

Response: Admit that plaintiff was paid for his accumulated annual leave upon his retirement. The exact number of hours is unknown to plaintiff.

**9. Admit that during the negotiations to settle your EEO administrative complaint, you asked to remain on administrative leave through the holidays and into January 2003.**

Response: Admit that during the settlement discussions between counsel for plaintiff and agency counsel during late November and/or early December, counsel for plaintiff raised the idea of extending plaintiff's administrative leave until early January as part of a potential settlement agreement and/or to facilitate settlement. Deny that this discussion had any effect on the length of plaintiff's administrative leave as all settlement negotiations were concluded as of December 16, 2002.

**10. Admit that no HUD-OIG employee outside of Region 5 provided any recommendation regarding the appropriate discipline in the case of Cortez Richardson.**

Response: Deny.

**11. Admit that no HUD-OIG employee outside of Region 5 provided any recommendation regarding the appropriate discipline in the case of Steve Romero.**

Response: Deny.

**12. Admit that no person outside of Region 5 discussed with you any proposed discipline for Cortez Richardson or Steve Romero.**

Response: Deny.

3

## CERTIFICATION BY PLAINTIFF

I hereby declare under penalty of perjury that the information provided in the foregoing Plaintiff's Responses to Defendant's First Set of Requests for Admission to Plaintiff is true and correct to the best of my knowledge, information, and belief.

_____          6/09/06
James Malloy                              Date