**ATTACHMENT D**



U.S. Department of Housing and Urban Development
Region VI Office of Inspector General for Investigation
819 Taylor, Room 13A09
Post Office Box 77149
Fort Worth, Texas 76163
(817) 978-9310 FAX (817) 978-9373

September 30, 2002

MEMORANDUM FOR: Special Agent Cortez Richardson, 6AGI

FROM: Larry Chapman, Special Agent in Charge, 6AGI

SUBJECT: Decision to Suspend for Five (5) Calendar Days

By memorandum, dated September 30, 2002, you were given a fifteen (15) calendar days advance notice of a proposal to suspend you for five (5) calendar days from your position of Special Agent, GS-1811-13 with the Office of Inspector General (OIG), U. S. Department of Housing and Urban Development (HUD). James Malloy, Assistant Special Agent in Charge (ASAC), signed the proposed suspension notice. The proposal to suspend you was based on the charges of conduct unbecoming a Federal Law Enforcement Officer. This specification was included in the charge and was clearly addressed in the proposal notice.

As the appointed Deciding Official by Assistant Inspector General for Investigation (AIGI) Haban, I have carefully reviewed and considered all of the material in the official case file that formed the basis for and supported your proposed suspension. At your request while you were in the Fort Worth Regional Office, you asked to make an immediate oral reply. I have also fully considered your oral argument to me on September 30, 2002.

During your oral reply, you specifically informed me that you changed the Denver towing receipt under "extreme duress" and "threat" of retaliation. You also brought your concerns to your immediate supervisor, ASAC ▓▓▓▓▓▓▓▓ and ASAC ▓▓▓▓▓▓▓ stated that he would "handle it". After two weeks with no action, you then arranged a personal meeting with SAC Jeffrey Pinn and ASAC ▓▓▓▓▓▓▓ to

Case 1:05-cv-01117-RCL   Document 34-8   Filed 07/18/2007   Page 3 of 4

11/19/2003  15:33   HUD OIG COUNSEL → 918174513997                    NO.095   005
OCT-03-2002 THU 10:02 AM              FAX NO.                          P. 10
10/03/2002  07:46   6179789373       SWEST DIST IG                     PAGE 10

again express your concern over the order from SAC Finn to alter the document. I find that you properly and correctly notified the responsible Agency personnel and placed the Agency on notice.

During your oral reply, you also stated that the damage to the tow truck in Billings, Montana was strictly accidental. Further, you advised that you were only the case agent and the Operation Safe Home (OSH) expenses you paid were only those directed by higher supervisors and you simply followed lawful orders by paying what you believed to be legitimate OSH expenses.

Finally, you contended that you never engaged in any lack of candor in answering questions posed by investigative personnel. Rather, you only answered the specific questions as posed to you. You even told the interviewers during the November 17, 2001 interview that you only commented on "oranges when asked about oranges". Your point was that you never intentionally withheld information, but rather you answered the questions strictly on the subject matter asked by the agents.

In coming to a decision in this matter, I have also considered the following mitigating and aggravating factor:

<u>Aggravation:</u>

During my review, I considered all of the aggravating factors outlined in the proposed notice of September 27, 2002 and concur with each assessment.

To me, the most crucial aggravating factor in the situation is the seriousness of the matter. Your damage to the tow truck in Billings, Montana, was unprofessional on your part. I realize that while you believe your actions were unintentional and accidental, the fact is you did damage the tow truck vehicle in apparently two places.

I have reviewed the OIG Disciplinary and Adverse Actions, Office of Inspector General Manual 1000, August 2000. Given the seriousness of your misconduct, and the minimum punishment guidelines applicable to this case, sanction is warranted and appropriate. Further, I find that the penalty proposed in this matter is consistent with the guidelines.

**Mitigation:**

I have noted with specificity the various mitigating factors and the explanations provided in the proposal notice. I also considered the fact your oral reply stated your actions were not intentional and you made every effort to report acts not consistent with the direction of the OIG, and your willingness to apologize for the tow damage incident suggest to me that your intentions were good and that an excellent potential for rehabilitation exists with you. I also note that the events occurred while assigned to the Denver Office, and have no bearing on your activities since you became a member of this Region. In fact, your work products and conduct have been exemplary since you transferred to the Fort Worth Region and you are held in high regard by ASAC Malloy.

**Conclusions:**

After reviewing this matter in its entirety, I find the other charges listed in the proposal are adequately explained and only the charge of conduct unbecoming is substantiated by the facts presented. Therefore, my decision is to uphold the proposed five (5) day suspension for this latter charge only and to not consider or sustain any additional issued or charges.

Furthermore, I feel the five (5) day suspension is the minimum sanction necessary to effect the efficiency of the service; to impress upon you the seriousness of your misconduct; and, to adequately serve as a deterrent for such misconduct in the future. Future violation on your part could result in disciplinary actions up to and including removal from Federal service.

At your request to bring this matter to a conclusion as quickly as possible, your suspension will commence on October 7, 2002 and conclude on October 11, 2002. You will be expected to report back to work as usual on Tuesday, October 15, 2002. A SF-50 documenting this action will be mailed to you as soon as it is available.

Received: _____          9/30/02
          Corliss Richardson                 Date