**ATTACHMENT E**



U.S. Department of Housing and Urban Development
Region VI Office of Inspector General for Investigation
819 Taylor, Room 13A09
Post Office Box 17149
Fort Worth, Texas 76102
(817) 978-9310  FAX (817) 978-9373

September 30, 2002

MEMORANDUM FOR: Steve Romero, Special Agent, 6AGI

FROM: James M. Malloy, Assistant Special Agent in Charge, 6AGI

SUBJECT: Memorandum of Caution

I am issuing this Memorandum of Caution to you based on your failure to fill out and/or prepare documents in a consistent manner.

Specifically, I have carefully reviewed information detailed in the Report of Investigation (ROI) under Case Number IAD 01 0019, dated June 6, 2002, which was conducted based on allegations you made false statement on questionnaires and during interviews associated with 1996 and 2001 Security Background Investigations (SBIs) concerning (1) previous employment; and, (2) financial debts.

Regarding the first allegation involving your lack of candor in reporting your reasons for leaving employment with the Austin Police Department (APD), I find that the evidence supports your assertions that you left APD in August 1992 for personal reasons. The only documentary evidence released by APD during the course of the investigation was an APD Employee Notice of Resignation prepared by you on August 28, 1992 in which you advised the Acting Austin Chief of Police that you were resigning your position as police cadet for personal reasons. The Acting APD Chief of Police and, more important, the APD Academy Commander and APD Academy Sergeant (your two primary instructors) also signed this document without taking any exception for your reason for leaving. As you indicated that you received a copy of this document signed by all of the aforementioned APD officials shortly after leaving your employ at APD, I believe that it is logical to think that you did not feel you left under any adverse conditions and/or that any APD official(s) would report anything to the contrary.

What I do have a problem with is your lack of consistency in answering the questions regarding your leaving APD. Although I can understand your confusion after it came to your attention in a 1996 SBI that APD officials were contradicting your reasons for leaving, I do not feel that you paid proper attention and/or sought proper guidance in

filling out subsequent documents wherein this same question was asked of you. Specifically, during your 2001 SBI, you indicated you had left APD under duress and then later in 2001, you submitted an SF-171 to the Bureau of the Public Debt (BPD) in which you reported no prior employment problems.

Regarding the second allegation about your financial debts, I believe based on the information you have provided me that you have made a good faith effort to pay your financial debts caused and largely accumulated prior to 1996. This financial debt came about due to medical problems your wife experienced during the birth of your son in 1995, which caused her to have to leave her job unexpectedly. I believe you have made a great effort to meet these financial obligations and debt built up on you and your family prior to 1996, and it appears that you have had no additional financial debt problems since then which caused your actions. I do find, however, that you paid improper attention to filling out your SBI properly when you failed to report debt problems within the last seven years. Your wife taking care of all of your financial obligations does not eliminate you as a federal agent from being responsible for them and/or having knowledge about them. You are the individual this Agency will hold responsible in reporting information and filling out forms accurately.

It is probable that your failure to pay attention and/or to be consistent and/or to seek guidance on filling out these documents caused valuable Agency resources to be expended during the course of this investigation and review of this matter.

This memorandum serves to caution you on your performance deficiencies in preparing and filling out employment forms in a consistent manner. This memorandum is temporary in duration and will not be filed in your Office Personnel Folder (OPF). The action is being taken for the purpose of bringing to your attention performance issues you must take positive steps to correct. I am available to discuss the issues addressed in this memorandum.

You are advised that I would have considered more severe disciplinary action had it not been for your otherwise exemplary record both in training and as a Special Agent during your Federal career.

Please be advised that should violations of this nature occur in the future, you leave me no other choice than to initiate appropriate disciplinary action up to and including removal from the U. S. Department of Housing and Urban Development/Office of Inspector General (HUD/OIG).

I have received this Memorandum of Caution.

*/s/ Steve Romero*
Steve Romero

Sept 30, 2002
Date

Approved
*/s/ Larry Chapman*
9/30/02