**ATTACHMENT H**



United States Department of Housing and Urban Development

Office of Inspector General

# MANUAL CHAPTER:  1099

## TITLE:  EEO Process for the HUD OIG

| | | |
|---|---|---|
| MATERIAL TRANSMITTED: | Chapter 1099 | EEO Process for the HUD OIG |
| MATERIAL SUPERSEDED: | Chapter 1099 | Equal Employment Opportunity Process for the HUD Office of Inspector General<br>Dated:  September 2000 |
| SUMMARY OF CHANGES: | | The material in this Chapter updates the previous version to make it consistent with the Department's Equal Employment Opportunity  (EEO) regulations, policies, procedures, and programs and those of the Equal Employment Opportunity Commission. |

Note:  On July 1, 2002, this Chapter was changed to substitute the term Regional for District and RIGA for DIGA.  No re-issuance of the effective date has been made for this change.

| | |
|---|---|
| PURPOSE: | This Chapter provides OIG managers and employees with an understanding of the administrative processing of EEO complaints of discrimination in the Federal Government in general, subject to the guidance established by, and restrictions imposed by the Director of EEO. |
| APPROVED: | **/Signed/**<br>―――――――――――――――<br>David C. Williams |

Acting Inspector General

Case 1:05-cv-01117-RCL    Document 34-12    Filed 07/18/2007    Page 3 of 20

# TABLE OF CONTENTS

**Paragraph** **Page**

### SECTION 1 - Introduction

| | | |
|---|---|---|
| 1-1. | Purpose | 1 |
| 1-2. | EEO Coverage and References | 1 |
| 1-3. | Informal EEO Counseling Process | 1 |
| 1-4. | Formal EEO Complaint Process - Acceptance and Investigation | 2 |
| 1-5. | Routes to Final Decision | 3 |

### SECTION 2 - EEO Complaint Processing Procedures

| | | |
|---|---|---|
| 2-1. | Responsibilities | 4 |
| 2-2. | Role of Office of Inspector General Management Officials | 4 |
| 2-3. | Procedures in Informal EEO Counseling Process | 7 |
| 2-4. | Procedures for Formal EEO Discrimination Complaint Process | 10 |

**Appendix**
Complaint Process

# Section 1 - Introduction

1-1.  *Purpose.*  This manual describes the Equal Employment Opportunity (EEO) administrative complaint process for the Office of Inspector General.  It describes the responsibilities of the OIG EEO Discrimination Complaints Manager (DCM), Responsible Management Official(s) (RMO), and the OIG Office of Legal Counsel (OLC) during the various steps in the administrative processing of complaints of employment discrimination.

1-2.  *EEO Coverage and References.* The bases of unlawful discrimination recognized in federal employment are race[1], color, religion, sex, national origin, age,[2] disability,[3] or reprisal.  The U.S. Equal Employment Opportunity Commission (EEOC) has oversight responsibility for the federal sector EEO process.  The EEOC set out the procedures governing claims of discrimination at 29 CFR Part 1614.  The EEOC has also issued a processing manual entitled, "Management Directive (MD) 110."   The Department of Housing and Urban Development (HUD), Office of Departmental Equal Employment Opportunity (ODEEO), Director of EEO, administers the EEO complaint process for all of HUD, including OIG.  ODEEO has set out the EEO process for the Department at 24 CFR Part 7, which was updated on April 23, 2001  That process is generally described below.

1-3.  *Informal EEO Counseling Process.*  (The EEO  process is shown in chart form in the Appendix.) An employee who believes he or she has suffered unlawful discrimination must initiate contact with an EEO Counselor within 45 days of the date of the alleged discrimination.  In the case of a personnel action, the "aggrieved person" must make contact within 45 days of the effective date of the personnel action.[4]  Each geographical area has an assigned EEO Counselor.  At the initial counseling session, the EEO Counselor will advise the individual, in writing, of his or her rights and responsibilities.  The aggrieved person may elect to participate in the EEO Alternative Dispute Resolution (ADR) Program or the traditional EEO counseling procedures.  The aggrieved person must timely contact the EEO Counselor for informal counseling if

---

[1] 42 U.S.C. §2000e-16 (known as §717, part of Title VII of the Civil Rights Act of 1964, as amended); Equal Pay Act of 1963, 29 U.S.C. §206(d).

2 Age Discrimination in Employment Act of 1967, 29 U.S.C. §633a.  Claims under the Age Discrimination in Employment Act (ADEA) may be brought in accordance with the procedures applicable to claims of discrimination because of race, sex, etc. However, the ADEA and Equal Pay Act provide for an alternative process (not discussed here).  The ADEA and Equal Pay Act do not provide for compensatory damages. 42 U.S.C. §2000e-16 (known as §717, part of Title VII of the Civil Rights Act of 1964, as amended).

3 Sections 501 and 504 of the Rehabilitation Act of 1973, as amended, 29 U.S.C. §§791, 794(a).  Claims under the Rehabilitation Act follow the procedures of Title VII; compensatory damages are available.

4 The informal counseling process normally takes 30 days, but may be extended to 90 days.

they want to pursue a formal complaint of discrimination.  The EEO Counselor attempts resolution of matters brought to his or her attention.  They will usually meet with the management official directly involved.  Eventually, the EEO Counselor prepares a report documenting the required counseling, a description of the claims and the bases of discrimination, the facts gathered during this stage, information concerning timeliness of the initial counseling contact, and a statement as to whether a resolution attempt was undertaken, and the resulting disposition.  If the aggrieved person later files a formal complaint, this report is sent to the ODEEO.  If the matter is not resolved at the conclusion of the informal counseling, the EEO Counselor issues a "Notice of Right to File a Discrimination Complaint" to the aggrieved person.  The employee must file their formal complaint within 15 days after receiving this notice.

The EEO Counselor neither represents the aggrieved person nor acts as an investigator. However, any adverse statement made by any person, including a manager, will be in the EEO Counselor's report and may be used against the employer.

Where the Complainant agrees to engage in ADR, the informal counseling process may be extended by up to 90 days. The EEO Counselor is not involved in ADR procedures.  Rather, it is expected that a Contract Mediator or a Shared Neutral Program Mediator will mediate the ADR session(s).  If ADR fails, the EEO Counselor will issue the notice of right to file a discrimination complaint.

All OIG Managers are required to maintain a copy of the Manager's Guide for ADR.  The OIG employee assigned as the Management Representative for ADR must consult this Guide.

1-4.   *Formal EEO Complaint Process - Acceptance and Investigation.* The formal complaint must be in writing.   It is sent to the Director of EEO, who will determine whether it falls within the purview of 29 CFR Part 1614.  ODEEO will advise the Complainant in writing whether the allegations have been accepted for investigation or dismissed for reasons listed in section 1614.107.  ODEEO will specifically identify any claims that have been accepted.  This determination is subject to review by an EEOC Administrative Judge (AJ) if the Complainant elects an administrative hearing before the EEOC.  Therefore, the involved parties should continue to preserve relevant records.  Allegations are sometimes rejected because they are untimely or because they fail to state a claim under 29 CFR Part 1614.

The EEO regulations permit amendments to complaints throughout this stage of the complaint process up through the issuance of the Report of Investigation (ROI); therefore, notices from ODEEO adding claims to be investigated should not be considered as unusual.

>If the Director of EEO accepts any allegations for investigation, the Inspector General will send a memorandum to the management officials defining the scope of the allegations and the ensuing investigation.
>
>The Department must develop an impartial factual record on the claims raised in the written complaint. The Department is required to complete its investigation within 180 days after the filing of the formal complaint. The person assigned to develop the factual record (usually an EEO Contract Investigator) may use an exchange of letters or memoranda, interrogatories, investigations, fact-finding conferences or any other fact-finding methods that efficiently and thoroughly address the matters at issue. The EEO Investigator will collect factual information concerning the issues in the complaint and prepare a Report of Investigation (ROI).
>
>Whatever the mix of fact-finding activity selected for a particular case, the investigator is required to be unbiased, objective, and thorough. The investigator is not an advocate for any of the parties. OIG personnel are encouraged to use ADR options during the investigative stage in order to promote early resolution of complaints.
>
>It is the Responsible Management Official's (RMO) responsibility to articulate the legitimate non-discriminatory reason for the challenged action(s). Both the AJ who conducts any hearing requested by the Complainant and the Director of EEO can draw an adverse inference from the RMO's failure to articulate a legitimate non-discriminatory reason.
>
>It is OIG's responsibility to provide the necessary evidence to address the merits of the claim(s) within the timeframes provided. Failure to meet the deadlines imposed by the EEO Investigator and/or the ODEEO will result in the issuance of an incomplete ROI, and a fact finder reviewing the record may decide the evidence, if submitted, would have been adverse to the agency. If the Complainant elects to receive a final decision from the Director of EEO, instead of going to hearing, the Director may make a decision with this adverse inference.
>
>The EEO Contactor submits the ROI to ODEEO. The Director of EEO will provide the Complainant with a copy of the ROI. ODEEO will also provide a copy of the ROI to the EEO Officer for OIG, if the discrimination claim was lodged against OIG.

**1-5.** *Routes To Final Decision.* There are three alternative routes available to a Complainant after the ROI is issued. It is the Complainant's prerogative to choose which route to take. Upon receipt of the ROI, the Complainant must decide to: (1) ask for a Final Decision (FD) by the Director of EEO based on the ROI, (2) request a hearing before an EEOC Administrative Judge, or (3) file a civil action in Federal District Court. The request for a hearing before an AJ must be made within 30 days after receiving the ROI.

    A.  If the Complainant asks for an FD based on the ROI, ODEEO prepares it. The FD consists of the Department's findings on the merits of each issue in the complaint, or the rationale for dismissing any claims in the complaint and, when discrimination is found, the appropriate remedies and relief. A draft decision is cleared with the Office of General Counsel and the HUD Office of Human Resources for review and comment. Should either office disagree with the draft decision, ODEEO can either ignore the comments or seek to resolve them before issuing the decision as an FD. The Complainant may appeal an adverse FD to the EEOC Office of Federal Operations, or may file a civil action in Federal District Court.

    B.  The Complainant may ask for a hearing before an AJ in a local EEOC district office. For the period of time the case is at EEOC, a HUD attorney represents and defends the interests of the Department. After discovery, a hearing is held before an AJ who issues a decision. If the AJ finds discrimination, he or she will also order appropriate remedies. The AJ's decision is served on ODEEO, which has 40 days to issue a Final Order (FO). This FO may adopt or reject the AJ's decision and will state to what extent HUD will implement the Judge's decision. If ODEEO does not fully implement the AJ's decision, ODEEO must simultaneously file an appeal of the decision with EEOC. If ODEEO does nothing, the AJ's decision becomes the FO at the end of the 40 days. The Complainant may appeal the Department's final action or dismissal of the complaint to EEOC, Office of Federal Operations.

    C.  A Complainant may file a civil action in Federal District Court at several points during the administrative process, the most significant point being - any time after 180 days from the filing of a formal complaint if no FD has been issued. The Secretary of HUD is the defendant in any civil action, regardless of the manager named in the original administrative complaint. The Office of the U.S. Attorney defends the Secretary in these actions. Settlement is possible at any stage during the administrative and judicial process.

## Section 2 - EEO Complaint Processing Procedures

**2-1.** *Responsibilities*. The Inspector General, as EEO Officer for the OIG, is responsible for, among other things, publicizing the EEO complaint procedures, informing supervisors of the responsibilities and objectives of the EEO Counselors and of the EEO complaint process, informing managers and supervisors of their responsibilities in the EEO process, and seeking resolution of EEO matters brought to their attention. The EEO Officer is also responsible for evaluating and documenting the performance of managers in carrying out their responsibilities.

**2-2.** *Role of the Office of Inspector General Management Officials.*

A. <u>Inspector General</u>.  Pursuant to designation by the Director, the Inspector General is the EEO Officer for OIG with responsibility for overseeing the EEO complaint process within OIG.  The Inspector General selects the OIG management official who will represent OIG in ADR proceedings, signs EEO settlements and acts on EEO complaints when no other OIG official may do so. The Inspector General may deviate or direct a deviation from these procedures as dictated by unanticipated circumstances with prior concurrence of the Director of EEO.

B. <u>Deputy Inspector General</u>. The Deputy Inspector General assumes the role of the Assistant Inspector General (AIG) concerning responsibilities as set forth in Paragraph 2-2. C; when the AIG is the RMO for the employment decision which is the subject of an informal or formal EEO complaint.  The Deputy Inspector General, the AIGs, the DCM, and the OLC will meet on a regular basis to discuss status of cases and to evaluate potential settlement issues.

C. <u>Assistant Inspectors General</u>. The AIG, for any EEO complaint arising within the AIG's jurisdiction, will provide guidance and settlement parameters to the RMO during the informal EEO counseling process, excluding ADR.  On behalf of management the AIG makes decisions on matters arising during the formal EEO discrimination complaint process, subject to review and modification by the DCM and the IG to ensure consistency with OIG EEO policy and practice.  The AIG will review the ROI and present his or her recommendations to the DCM regarding settlement or whether further investigation is necessary.  The DCM will inform ODEEO of OIG's decisions.  Based on input from Human Resources, OLC, or AIG, DCM may send a memorandum to ODEEO indicating why the investigation should continue and identify the evidence or testimony needed.  The DCM will ensure that the necessary signatures are obtained for any approved settlement agreement.  The DCM will also ensure that the Justification Memorandum that must accompany any EEO settlement is prepared and signed by the IG.

D. <u>Responsible Management Official</u>. The RMO is usually the manager named by the Complainant in an informal or formal EEO complaint.  Sometimes the RMO can only be ascertained by reviewing and understanding the Complainant's allegations.  The RMO, with guidance from the AIG, is responsible for providing the EEO Counselor, the DCM, the AIG, and others with an official need, a full and complete explanation for the act(s) that s/he took that the employee has identified as being discriminatory or retaliatory; articulating a legitimate non-discriminatory reason for each alleged illegal act; maintaining any and all records within his/her possession that address the alleged illegal act(s), and informing the DCM of the location of other relevant records that s/he does not maintain; objectively reviewing the matters in the complaint or information provided by the EEO Counselor, including the allegations made about his/her behavior or acts; reviewing appropriate Departmental policy, rules and regulations to determine whether his/her actions were consistent; impartiality in determining whether resolution of the matter between the parties is a viable solution; and,

      recommending an appropriate solution. In the ADR process, the RMO (if not named as the OIG management representative for ADR) will render requested assistance to the OIG management representative.

E. <u>OIG Office of Legal Counsel</u>. The Office of Legal Counsel, upon request by any management official, the DCM, or the IG, will provide legal advice to the RMO, AIG, DCM, and other officials of the OIG, on matters arising under these procedures. OLC may advise any management official in their official capacity, but may not represent any OIG employee in their personal capacity. OLC will review OIG decisions submitted for review under this process to ensure that OIG fully complies with the requirements of the EEO statutes, 29 CFR Part 1614, HUD regulations, and the Department's policies. Managers are not entitled to personal representation during the investigation by an OIG attorney. Any manager may seek the advice of OLC concerning matters in their official capacity. The presence of an OIG attorney during the interview of a HUD employee will be rare. The presence of an attorney during ADR and other points in the EEO process has a dynamic effect on the process and should be avoided when the Complainant is not represented. The OLC provides substantive reviews at the request of DCM of any settlement agreements to ensure the settlements are legally sufficient.

F. <u>EEO Discrimination Complaints Manager (DCM)</u>.

1. The DCM (the AIG for the Office of Management and Policy), represents the IG in the day-to-day processing of matters in the EEO complaint process;
2. Has overall management and direction responsibility for OIG's EEO responsibilities;
3. Processes incoming informal and formal complaints;
4. Notifies the responsible AIG and others, as required;
5. Reassigns responsibility to another AIG, if necessary;
6. Issues notice to preserve records;
7. Ensures the cooperation of staff in the complaint process, including participating in ADR and the investigation;
8. Serves as liaison between OIG and ODEEO, including mediators and EEO investigators, ensuring that all have needed and timely access to requested documents and witnesses for testimony or ADR;
9. Assists in responding to requests from EEO investigators, as necessary;
10. Reviews ROIs and makes final recommendations on the ROI;
11. Evaluates AIG's recommendation for settlement and further investigation;
12. Issues timely notice to ODEEO of results of ROI review;
13. Assists Counsel in obtaining records and witnesses for hearings or civil suits, including necessary travel arrangements;
14. Develops and disseminates guidance on resolving EEO disputes, including appropriate settlement language and content for justification memo;
15. Reviews and evaluates settlement agreements, obtains the necessary initials and signatures and forwards settlement package to Director of EEO;

16. Ensures that the terms of settlement agreements, EEOC or Director of EEO orders are fully and timely implemented;
17. Submits proof of implementation to the Director of EEO;
18. Maintains the necessary records and complaint tracking to ensure that the IG, ODEEO, and others with an official need to know have relevant information on the status of EEO matters within the OIG; and
19. Monitors the activities of the AIG's to ensure uniformity and consistency of the application of the EEO statutes nationwide.

G. <u>OIG Management Representative for ADR</u>. This is the OIG manager or supervisor, or other employee, consultant, or contractor, who is selected by the Inspector General to represent OIG in an EEO matter that has been referred to ADR. The management representative for ADR is responsible for understanding the underlying EEO issues alleged, the facts, and the ADR process. The management official for ADR, subject to certain restrictions, decides whether to settle the "complaint" as part of the ADR process.

## 2-3. *Procedures in Informal EEO Counseling Process.*

A. <u>Duties of the DCM in the Informal EEO Counseling Process</u>.

1. Serves as the processing official for EEO complaints alleging discrimination within the OIG.

2. May receive initial contact from the EEO Counselor.

3. Advises the EEO Counselor of the identity of the Responsible Management Official.

4. If the aggrieved person elects ADR, the DCM will notify the ADR Manager of the identity and contact information for the person who will represent OIG.

5. Obtains additional information and facts concerning the allegations, discusses how the matter might be resolved, consults with the OIG's OLC, and obtains recommendations on the pros and cons for resolution. The DCM recommends to the AIG whetheran attempt to settle the matter should be made.

6. Determines parameters of settlement based upon the law, the informal complaints and the facts. Prepares settlement agreement, obtains approval from the OIG Office of Legal Counsel for legal sufficiency, and obtains the signatures of the aggrieved person and the EEO Officer.

7. If ADR or settlement fails, advises the EEO Counselor in documentable form (e.g., by e-mail or memorandum).

   B.  RMO's Duties in the Informal EEO Counseling Process.

1. Understands that the EEO Counselor is attempting to settle the matter at the beginning of the EEO process, after gathering information on the nature of the matter alleged to be discriminatory; that settlement is possible at any step of the process; and that the decision to resolve a matter need not be limited to matters where there appears to be a violation of the EEO laws. The RMO should understand that s/he can only offer unilaterally as resolution, personnel actions for which s/he has authority to approve and execute. (However, the relief must be statutorily allowable; for example, the RMO may not grant a within grade increase where the Complainant has not completed the waiting period prescribed by 5 U.S.C. §5335.)

2. Gathers and collect his/her records to support his/her position and statements.

3. Contacts the DCM, AIG and OIG OLC for advice as needed.

4. Responds directly to the EEO Counselor's requests for discussion or face-to-face meeting.

5. At the meeting, or in telephonic conference calls with the EEO Counselor, asks and obtains answers to the following questions:

    (a) What is the issue (specific action or decision which is alleged to be discriminatory)?

    (b) What is the claimed basis or reason for alleged discriminatory act (race, color, religion, sex, age, national origin, reprisal, or handicapping condition)?

    (c) What facts support the allegation? (What makes the employee believe he or she was the subject of discrimination?)

    (d) What action(s) by management would resolve the matters raised with the EEO Counselor?

6. Provides full response to the allegation(s), including addressing whatever makes the employee believe that s/he was the subject of discrimination; indicates whether the aggrieved person's facts as presented are consistent with the facts as the RMO knows them to be; if not, provide the correct facts.

7. Discusses with the AIG and DCM the facts and any potential settlement suggestions, and advises whether settlement is appropriate. As necessary, involves the OLC representative in the discussion.

8. If settlement is appropriate, determines, in consultation with the AIG, the DCM, and the OLC representative, the parameters of the settlement based upon the law, the informal complaint and the facts. The DCM and the OLC representative will represent management in settlement discussions. Any term that must be approved by an official not a party to the settlement discussion should not be offered or included in settlement discussions or an agreement without obtaining that official's prior written (or confirmed) approval to make the offer, or highlighting the conditional nature of the term. In consultation with the IG, the DCM is the ultimate authority for deciding whether a resolution attempt will be made.

9. If settlement fails, advises the DCM in documentable form (e.g., by e-mail or memorandum).

10. If DCM notifies you that you are selected as the OIG Management Representative for ADR, refer to additional responsibilities in subparagraph C. below.

C. <u>Duties of OIG Management Representative for ADR</u>. When the Inspector General receives notification that ODEEO has accepted for ADR an allegation of employment discrimination arising in OIG, the Inspector General will designate the OIG Management Representative for ADR. The Inspector General may choose from among the senior level members of the IG's staff or employ qualified Counsel as the OIG Management Representative for ADR, subject to prior notification and approval of the Director of EEO. The OIG Management Representative for ADR for an EEO case will:

1. Ascertain the facts surrounding the allegation of employment discrimination.

2. Become familiar with ADR procedures, confidentiality requirements and responsibilities of the OIG Management Representative for ADR.

3. Consults with the IG or DCM on the scope of his/her settlement authority, subject to further discussions based on an evaluation of the facts and issues of the allegation. Receives guidance on settlement language and ADR confidentiality requirements. The OLC and the DCM are available for further consultation.

4. Informs the DCM of the outcome of ADR and provides a copy of the settlement agreement.

D. <u>OIG Office of Legal Counsel Responsibilities in the Informal EEO Counseling Process</u>.

1. Provides legal advice to any manager, the DCM, AIG, RMO, and Management Representative for ADR upon request.

2. Discusses with the RMO, AIG, and DCM the facts and any potential settlement suggestions; provides the advantages and disadvantages of settlement and possible legal consequences for both.

3. If settlement is appropriate, assists the AIG, RMO, DCM in determining parameters of settlement based upon the law, the informal complaint, and the facts.  As requested by the IG, provides the IG with counsel on who would best represent the IG in settlement discussions and the extent of that person's settlement authority given the circumstances of the allegations.

4. Provides guidance for the settlement meetings.  The IG representative must be present at the settlement discussions.  The mediator and the aggrieved person/Complainant cannot have settlement discussions without the participation of a representative for the IG.

5. Assists the AIG, RMO, and DCM in reducing settlement terms to writing and provides a statement regarding the legal sufficiency of settlement terms.

6. Along with the DCM, provides advice and assists the OIG Management Representative for ADR in understanding his/her role in ADR, ADR procedures, settlement parameters, confidentiality requirements, and written settlement terms.

## 2-4. *Procedures for Formal EEO Discrimination Complaint Process.*

A. <u>DCM Duties in the Formal Complaint Process</u>.

1. Receives from the Inspector General a copy of the formal complaint, a copy of the memorandum from ODEEO that the formal complaint has been received, a copy of the acknowledgment letter to the complainant, and a copy of the acceptance of issues letter.

2. Advises the RMO, AIG, and OLC in writing that a formal complaint has been filed and that all relevant records must be gathered and preserved until the case is resolved; and provides sufficient information on the allegations of the complaint for the RMO to respond to allegations.  Advises other appropriate OIG managers in writing to gather and preserve relevant records (e.g., advises OIG Director of Human Resources to keep or have the contractor for personnel services keep merit staffing files related to a non-selection complaint).

3. Evaluates management practices and decisions to determine whether management complies with the EEO statutes.

4. Serves as the liaison between OIG and the EEO Investigator to arrange for the on-site Investigator to review and copy documents and conduct interviews; receives the request for information and disseminates the requests to the proper entity to respond; ensures timely responses to request from EEO Investigator; advises the appropriate unit that the EEO Investigator will be on-site to review documents and conduct interviews, and informs employees of their duty to fully cooperate; as needed, informs employees of the purpose and role of the EEO Investigator and the investigation; assists the Investigator and ODEEO staff in obtaining timely responses to requests for information; reviews signature and return of witness affidavits and interrogatories and supporting documentation; timely informs the IG and the responsible AIG when employees (RMO, identified witnesses, records manager, etc.) do not fully or timely cooperate or refuse to provide information/testimony requested.

5. Seeks advice from the OLC should any legal issues arise (e.g., Privacy Act questions) during the gathering of requested records or where the RMO, other witness, or records manager raises disclosure issues.

6. Receives the ROI sent to the IG by the EEO Division.[5]  Reviews ROI and makes recommendation for settlement, continued investigation, or no action.  Makes the ROI available for review by the AIG, who also makes a recommendation for settlement, continued investigation, or no action.  Should the recommendations agree, the DCM will so notify the Director of EEO.  Should they disagree, the IG will make the final determination.  The OLC should be consulted regarding settlement discussions.

7. Consults with the AIG and OLC on: a) whether settlement is appropriate and, if so, the parameters of settlement based upon the law, EEOC's remedies guidelines, the complaint, and the facts; and b) who will represent management in settlement discussions, if other than the AIG. All settlement terms must be reduced to writing and must be approved by the DCM and reviewed by the OLC to ensure an enforceable contract.

8. Provides ODEEO with a decision within prescribed time limits as stated in paragraph 2-4.A.7.

---

[5] Any request for an additional copy of the ROI must be made to the Director of EEO, accompanied by a full explanation of "internal use" and who will have access to the ROI and where it will be stored.  Otherwise, the DCM should make the ROI available for review by anyone who has an official need to review its contents, pursuant to the requirements of the Privacy Act and EEOC's regulations governing records maintained in the EEOC systems of records.

9. Receives the signed settlement agreement and the ROI, if the complaint is settled; concurs in the settlement agreement if appropriate; drafts and signs the settlement justification memorandum based on information provided by the decision maker and/or negotiator of the agreement; and transmits the signed settlement agreement and justification memorandum to ODEEO.

10. Receives from ODEEO of the Counsel the notice of the next step in the complaint processing, if any. As appropriate, notifies ODEEO who will represent OIG at the hearing, if the Complainant requests a hearing, with a copy to Counsel. In most EEO cases, OGC counsel will represent the Department.

11. Receives the Director of EEO's final decision on the complaint, along with any filing of civil action or other notices of appeal or decision on appeal. Provides a copy to the responsible AIG, Counsel who represented OIG at the hearing and the OLC.

12. Ensures that the terms of executed settlement agreement, the Director of EEO decisions, EEOC decisions, and corrective orders are implemented fully and timely.

13. Creates a quarterly report on EEO cases filed, setting forth the name of the Complainant, bases and issues, and status of the case. Provides a copy to the AIG (only for complaints within his or her area of responsibility), the OLC, and the Deputy IG.

14. Prepares regular reports that are requested or required by ODEEO.

15. Maintains records to reflect OIG's processing of complaints; maintains all copies of ROIs in the OIG, except for the copy used by Counsel during the hearing, settlement discussions, appeal process, or litigation. Returns all copies of the ROI to ODEEO upon request, or 1 year after final action.

B. <u>Responsible Management Official's Duties in the Formal Complaint Process</u>.

1. Obtains from the DCM available information to identify and describe the acts or failures to act that the Complainant considers discriminatory; when they occurred and the Complainant's stated reasons for believing that he or she suffered illegal discrimination or retaliation.

2. Preserves all relevant records. Notifies those with relevant records to preserve them.

3. Prior to meeting with the EEO Investigator, analyzes the allegations in the

    complaint; reviews the factual claims for accuracy and completeness; marshals and reviews all the evidence needed to respond to the allegations; makes a list of witnesses who can attest to the facts and identify the facts to which he or she can attest; and calls or meets with the AIG, DCM or a representative of the OLC to discuss any questions regarding issues and relevant evidence.

4. Directly responds to requests of the DCM or EEO Investigator to meet with the Investigator when requested to do so, unless an alternative date is required due to a conflict or an office exigency; prior to meeting, calls the Investigator, if necessary, to determine central issues to be discussed.

5. Submits to interview by the EEO Investigator (this will usually be a contract investigator who is working under contract guidelines and who takes procedural direction from ODEEO); answers the questions asked (<u>if he or she knows the answer</u>. If the RMO does not know the answer, he or she should so indicate and offer to provide the answer after the interview). If the Investigator does not ask all the relevant questions relating to an allegation, the RMO may suggest additional lines of inquiry. <u>Advises the EEO Investigator of additional relevant witnesses to support the RMO's position on who should be interviewed</u>; provides relevant documents to the Investigator or the DCM, as directed.

6. Receives and reviews the draft affidavit that the Investigator provides after the interview (this may be immediately or days later); this draft affidavit may be signed as is, <u>if it clearly and accurately sets forth all of the relevant issues and facts that have been mentioned by the RMO in the interview</u>. Where the draft affidavit does not reflect what the RMO has stated, does not accurately reflect the facts, or does not include all of the RMO's recitation of the facts, or should the RMO want to add additional remarks (perhaps because of thoughts he or she had forgotten to provide earlier), it is the RMO's right to edit, add to, or subtract from the draft affidavit. Remember that the person signing the affidavit is responsible for its contents, no one else. It is advisable to maintain a personal copy of the affidavit.

C. <u>AIG's Duties in the Formal EEO Discrimination Complaint Process</u>.

1. Receives a copy of the ROI; reviews same and determines whether the allegations of the complaint are supported, whether the ROI needs supplementation because the investigation is inadequate, or whether the complaint should be settled and on what terms. The decision to attempt settlement is not based solely on whether the evidence shows a probable violation of the EEO statutes. Settlement may be appropriate if the evidence shows that management's behavior was not consistent with OIG or OPM policies and/or procedures or is otherwise in the best interest of the OIG. Seeks advice, if necessary, from the OIG Office of Legal Counsel representative

and the DCM regarding these issues. Conveys to ODEEO, through the DCM, determinations made so that they may be transmitted to ODEEO within 25 days of OIG receipt of the ROI. (The Complainant has 30 days to decide whether to request a hearing before EEOC or seek a final decision from ODEEO based on the ROI.)

2. If it is determined to attempt settlement of the complaint, works with the DCM to arrange a meeting with the Complainant and his or her representative (if one has been retained). Prior to meeting, discusses with DCM and RMO, appropriate settlement terms and settlement language; secures appropriate approvals for any terms for which the AIG does not have authority to implement; and requests OLC's review of the enforceability of the settlement terms and language. Returns the ROI and signed settlement agreement to the DCM or notifies the DCM that settlement attempt was not successful.

3. If a supplemental investigation needs to be conducted, confers with the DCM and the OLC regarding information omitted, but deemed relevant and necessary for a fair determination regarding the complaint.

If it is determined that the allegations of the complaint are not supported (i.e., there is no cause to believe that management has engaged in employment discrimination), no further action is required after the ODEEO, through the DCM, is notified to that effect. The AIG will then return the copy of the ROI to the DCM.

D. <u>OIG Office of Legal Counsel Responsibilities in Formal Complaint Process</u>.

1. Provides advice to the DCM, RMO, AIG or other interested managers on legal issues relating to disclosure of records to the EEO Investigator (e.g., Privacy Act issues), as requested.

2. Provides advice to managers, the DCM, RMO, and AIG regarding analysis of issues and evidence, as requested; provides the RMO with information on how the EEOC and the Courts interpret the requirements of the EEO statutes, the types and kinds of evidence required to determine whether a violation has occurred, the RMO's obligations and responsibilities under 29 CFR Part 1614, HUD's EEO regulations and these procedures, current interpretations on RMO personal liability under the EEO statutes, disclosure of records pursuant to the Privacy Act, and entitlement to personal representation during the processing of an EEO complaint and other information requested, provided a response is appropriate under the EEO statutes and 29 CFR Part 1614.

3. Provides advice and assistance to managers, the DCM, RMO, and AIG in settling a complaint, when appropriate; drafts a settlement agreement when requested; and, reviews the proposed settlement agreement for legal sufficiency and enforceability.

4. Provides advice and assistance in preparation for a hearing, discovery, or trial when a Complainant asks for a hearing before EEOC or in Federal District Court, as requested by a representative HUD attorney, Assistant U. S. Attorney, DCM or the IG.

# COMPLAINT PROCESS



*ADR is available at all stages of the complaint process.
**Complaint may be dismissed on procedural grounds: e.g., fails to state a claim, fails to comply with applicable time limits, mootness, etc. (see 29 CFR Section 1614.107)