**EXHIBIT 1**

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
DALLAS REGIONAL OFFICE

| | |
|---|---|
| LARRY D. CHAPMAN,<br>            Appellant, | DOCKET NUMBER<br>DA-0752-06-0093-I-1 |
| v. | |
| DEPARTMENT OF HOUSING AND<br>   URBAN DEVELOPMENT,<br>            Agency. | DATE: December 28, 2005 |

Robert C. Seldon, Esquire, Washington, D.C., for the appellant.

Richard K. Johnson, Esquire, Washington, D.C., for the agency.

**BEFORE**
U. Sidney Cornelius, Jr.
Administrative Judge

**INITIAL DECISION**

On November 14, 2005, Larry D. Chapman filed an appeal alleging that his retirement was involuntary. The Board has jurisdiction over this appeal pursuant to the provisions of 5 U.S.C. §§ 7511-7513. *See* Appeal File, Tab 9.

The parties reached a settlement in this appeal and have submitted a copy of their agreement to be included in the record. Appeal File, Tab 7. I have reviewed the agreement and find that it is legal on its face. Further, it appears that the parties freely entered into the agreement, they understand its terms, and they want the terms of the agreement to be enforceable by the Board. Accordingly, it is approved as the final resolution of this appeal and the Board

retains enforcement authority over the terms of the agreement. *See* 5 C.F.R. § 1201.41(c)(2)(i) (2005).

## DECISION

The appeal is DISMISSED.


FOR THE BOARD:         /S/_____
                       U. Sidney Cornelius, Jr.
                       Administrative Judge


## NOTICE TO APPELLANT

This initial decision will become final on **February 1, 2006,** unless a petition for review is filed by that date or the Board reopens the case on its own motion. This is an important date because it is usually the last day on which you can file a petition for review with the Board. However, if this initial decision is received by you more than 5 days after the date of issuance, you may file a petition for review within 30 days after the date you actually receive the initial decision. The date on which the initial decision becomes final also controls when you can file a petition for review with the Court of Appeals for the Federal Circuit. The paragraphs that follow tell you how and when to file with the Board or the federal court. These instructions are important because if you wish to file a petition, you must file it within the proper time period.

## BOARD REVIEW

You may request Board review of this initial decision by filing a petition for review if you believe that the settlement agreement is unlawful, was involuntary, or was the result of fraud or mutual mistake. Your petition, with supporting evidence and argument, must be filed with:

The Clerk of the Board<br>
Merit Systems Protection Board<br>
1615 M Street, NW.,<br>
Washington, DC 20419

A petition for review may be filed by mail, facsimile (fax), personal or commercial delivery, or electronic filing. A petition for review submitted by electronic filing must comply with the requirements of 5 C.F.R. § 1201.14, and may only be accomplished at the Board's e-Appeal website (https://e-appeal.mspb.gov).

If you file a petition for review, the Board will obtain the record in your case from the administrative judge and you should not submit anything to the Board that is already part of the record. Your petition must filed with the Clerk of the Board no later than the date this initial decision becomes final, or if this initial decision is received by you more than 5 days after the date of issuance, 30 days after the date you actually receive the initial decision. The date of filing by mail is determined by the postmark date. The date of filing by electronic filing is the date of submission. The date of filing by personal delivery is the date on which the Board receives the document. The date of filing by commercial delivery is the date the document was delivered to the commercial delivery service. Your petition may be rejected and returned to you if you fail to provide a statement of how you served your petition on the other party. *See* 5 C.F.R. § 1201.4(j).

## JUDICIAL REVIEW

If you are dissatisfied with the Board's final decision, you may file a petition with:

The United States Court of Appeals<br>
for the Federal Circuit<br>
717 Madison Place, NW.<br>
Washington, DC 20439

You may not file your petition with the court before this decision becomes final. To be timely, your petition must be <u>received</u> by the court no later than 60 calendar days after the date this initial decision becomes final.

If you need further information about your right to appeal this decision to court, you should refer to the federal law that gives you this right.  It is found in Title 5 of the United States Code, section 7703 (5 U.S.C. § 7703).  You may read this law, as well as review the Board's regulations and other related material, at our website, http://www.mspb.gov.  Additional information is available at the court's website, http://fedcir.gov/contents.html.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's <u>Rules of Practice</u>, and Forms <u>5</u>, <u>6</u>, and <u>11</u>.

## ENFORCEMENT

The settlement agreement has been made part of the record.  If you believe there has not been full compliance with the terms of the agreement after this initial decision becomes final, you may ask the Board to enforce the agreement by filing a petition for enforcement with this office.

Your petition for enforcement must describe specifically the reasons why you believe there is noncompliance.  It must include the date and results of any communications regarding compliance, and a statement showing that a copy of the petition was either mailed or hand-delivered to the agency.

Any petition for enforcement must be filed within a reasonable period of time after you discover the asserted noncompliance.  If you believe that your petition is filed late, you should include a statement and evidence showing good cause for the delay and a request for an extension of time for filing.

## NOTICE TO AGENCY/INTERVENOR

The agency or intervenor may file a petition for review of this initial decision in accordance with the Board's regulations.

CERTIFICATE OF SERVICE

I certify that the attached Document(s) was (were) sent as indicated this day to each of the following:

<u>Appellant</u>

U.S. Mail          Larry D. Chapman
                   P.O. Box 57
                   Peaster, TX 76485

<u>Appellant Representative</u>

Electronic Mail    Robert C. Seldon, Esq.
                   Robert C. Seldon & Associates, P.C.
                   1319 F Street, N.W., Suite 305
                   Washington, DC 20004

<u>Agency Representative</u>

U.S. Mail          Richard K. Johnson, Esq.
                   Department Of Housing And Urban Development
                   Office of Legal Counsel, OIG
                   Office of Secretary of Housing &
                   Urban Development
                   451 Seventh Street, SW, Room 8260
                   Washington, DC 20410


December 28, 2005                    /s/
     (Date)                          Ann R. Fluellen
                                     Paralegal Specialist

UNITED STATES OF AMERICA
MERIT SYSTEMS PROTECTION BOARD
DALLAS FIELD OFFICE

| | |
|---|---|
| LARRY D. CHAPMAN,<br><br>Appellant,<br><br>v.<br><br>DEPARTMENT OF HOUSING AND<br>URBAN DEVELOPMENT,<br><br>Agency. | )<br>)<br>)<br>) Docket No. DA-0752-06-0093-I-1<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## SETTLEMENT AGREEMENT AND MOTION FOR DISMISSAL

The parties to this appeal, Appellant, LARRY D. CHAPMAN, and the Office of Inspector General of the United States Department of Housing and Urban Development, AGENCY, hereby stipulate and agree as follows to settle and dismiss the above-styled appeal, MSPB Docket No. DA-0752-06-0093-I-1, and all other matters in dispute between them on the following terms.

WHEREAS, the parties are in agreement that they desire to settle their all of their disputes voluntarily by entering into the following agreement to settle fully, completely, and finally any and all matters which have arisen from, relate to or have otherwise accrued regarding the Appellant's employment and retirement;

NOW THEREFORE, the Agency (hereinafter Agency or OIG) and Larry D. Chapman (hereinafter Appellant) stipulate, agree, and covenant as follows:

1

1. The Parties by this settlement do hereby move the Board to dismiss this appeal with to approve this settlement, and prejudice, and the Appellant hereby agrees to withdraw his appeal.

2. The Appellant agrees to withdraw or dismiss any other pending actions, appeals, or complaints, in whatsoever forum, to include his Equal Employment Opportunity complaint, Case No. IG 03 01M, and the Agency may use this agreement to effect the same.

3. The parties further agree as follows:

   a. The Agency will provide the Complainant with a letter signed by the Assistant Inspector General for Investigations, on Agency letterhead, which states that in 2002 allegations against the Complainant were investigated and not substantiated, and that the Complainant's retirement was his personal decision and not a consequence of the investigation. The language of that letter is attached to this agreement.

   b. The Complainant may refer any prospective employers to the Branch Manager, Processing Operations Branch, Bureau of Public Debt, who will provide a neutral reference regarding the Complainant's employment, confirming only the information as set forth at 5 CFR 293.311. If the Complainant provides the names of any individual employees at OIG as references, he understands that employee will truthfully answer any questions posed directly to him or her.

   c. No employee of the Agency will ever be required to provide inaccurate or misleading information if required to answer any questions particular to the investigation of the Complainant. In accordance with paragraph "a" above, since the allegations were not substantiated by the OIG, no OIG employee will provide an opinion regarding the allegations, other than that the allegations were unsubstantiated. The parties acknowledge that the Agency is currently in litigation with James Malloy and may be required to defend its decision to investigate the Complainant, and other actions, in that litigation. This Agreement does not prevent the Agency or United States from fully defending itself in that litigation.

4. The parties are each responsible for their own costs, fees, and expenses. The Agency is not liable for any attorney's fees. This settlement agreement does not entitle the Complainant to any money, back pay, front pay, leave, or any other benefits, pay, or compensation not expressly agreed to in this settlement agreement.

5. This agreement does not constitute an admission by OIG of any violation of the United States Constitution, Civil Service Reform Act of 1978, as amended, or the Civil Rights Act of 1964,

Title VII, as amended, or of any other federal, state, or agency statute, rule or regulation, nor does it constitute an admission of liability, fault, or error on the part of the United States, OIG, or its officers or employees, including the Appellant.

6. Except claims for breach of this agreement, the Appellant agrees not to institute or pursue a lawsuit against the Agency, or any of the Agency's employees or former employees, under the Civil Service Reform Act of 1978, as amended, Civil Rights Act of 1964, Title VII, as amended, 42 U.S.C. Sec. 2 et seq., the Rehabilitation Act (Handicap Discrimination Act), 29 U.S.C. Sec. 791, et seq., the Civil Rights Act of 1866 and 1871, 42 U.S.C. Secs. 1981, 1983 and 1985, the United States Constitution, or any other state, local or federal law, based on any facts currently existing on which any claim could be made.

7. The parties agree to release each other and any and all officers and employees of OIG and HUD in their official and personal capacities from all causes of action, damages, liabilities, expenses, and costs whatsoever arising by reason of the facts currently existing and underlying this appeal and claims of discrimination, and any other matters arising during the Appellant's employment with OIG and HUD, or during the appeal or complaint process, whether heretofore known or not known to the parties hereto.

8. The Appellant acknowledges that this Settlement Agreement constitutes a full and final settlement and compromise of any and all claims, causes of action, damages, liabilities, expenses, and costs arising of the facts underlying the above appeal or his claim of discrimination against the Agency and any of its officers and employees.

9. This settlement agreement constitutes the entire agreement between the parties and no other promises or representations have been made nor be binding unless stated herein.

10. The terms will not establish any precedent nor will be used as a basis by any person or party, or any representative organization to seek or justify similar terms in any subsequent case.

11. By entering into this Agreement, the Appellant acknowledges that he has knowingly and voluntarily waived rights or claims under the
AGE DISCRIMINATION IN EMPLOYMENT ACT (also known as the ADEA), in exchange for consideration which is in addition to anything of value to which the individual already is entitled. The Appellant acknowledges that he has been advised to consult with an attorney, and he represents that he has consulted with an attorney regarding this agreement, and has been given

3



a reasonable period of time within which to consider this Agreement. The Appellant understands he may have up to twenty-one (21) days in which to consider this agreement, or he may waive or shorten that period of time. The parties are agreed that 7 days is a reasonable period of time within which to consider this Agreement, and the Appellant hereby agrees to waive or shorten his period of consideration so that it coincides with the 7-day period within which he may revoke this agreement. _____ Initials of Appellant

The parties acknowledge that the Appellant has not waived any rights or claims under the ADEA that may arise after the date this Agreement is executed. The Parties acknowledge that for a period of seven (7) days following the execution of this Agreement, the Appellant may revoke the Agreement, and the Agreement shall not become effective or enforceable until the revocation period has expired.

12. The Appellant acknowledges that he fully understands and agrees to the terms of this Settlement Agreement, that he has had an opportunity to discuss its terms and its consequences with his attorney, Robert C. Seldon, Esq., and he enters into this agreement freely and voluntarily.

BY OUR SIGNATURES BELOW WE EXECUTE THIS AGREEMENT FREELY AND VIOLUNTARILY.

_____ 12/1/05              _____
LARRY D. CHAPMAN        DATE:              RICHARD JOHNSON    DATE: 12/8/2005
Appellant                                  Agency Representative

_____ 12/1/05
ROBERT C. SELDON         DATE:
Appellant's Counsel

4

TO WHOM IT CONCERN

This letter is intended to assure any persons who read it that while the United States Department of Housing and Urban Development, Office of Inspector General conducted an investigation into allegations against Mr. Chapman in 2002, the allegations were not substantiated and Mr. Chapman's retirement was his personal decision and not a consequence of any mutual agreement between the Agency and Mr. Chapman. Mr. Chapman retired in good standing from the agency.

Mr. Chapman retired voluntarily on September 30, 2002. This was a personal decision by Mr. Chapman. The Agency at no time suggested or discussed the possibility of Mr. Chapman retiring. The Agency had taken no steps to pursue or threaten an adverse action against Mr. Chapman at the time he decided to retire. There was no agreement between the Agency and Mr. Chapman regarding his retirement. Mr. Chapman's decision to retire was a personal decision for reasons known only to him.



5