**AFFIDAVIT**

**CANON CITY, FREMONT COUNTY
STATE OF COLORADO**

I, Robert C. Groves, former Assistant Inspector General for Investigation (AIGI), SES III, Office of Inspector General (OIG), U. S. Department of Housing and Urban Development (HUD), make the following statement. I understand that this statement is not to be considered confidential, can be used as evidence and may be shown to the interested parties. I hereby solemnly swear:

I retired from federal service and my employment with the HUD OIG at the end of September 2001.

From February through September 2001 I was assigned to the HUD OIG Headquarters Office is various supervisory capacities, including Assistant Inspector General for Investigation. In those capacities I had responsibility over most HUD OIG Investigative personnel. I was responsible for personnel in approximately 40 locations administered through eleven District and the headquarters offices. Larry Chapman was one of the Special Agents in Charge (SAC) assigned to the Office of Investigation. He was assigned to an office in Fort Worth, Texas.

In March or April of 2001 I was made aware of a complaint alleging misconduct on the part of Special Agent Stan Mercer and SAC Larry Chapman. At that time, I read an internal memorandum that contained a couple paragraphs in which it was alleged that SA Mercer was misusing his GOV and supervising the construction of a house while on government time. The second paragraph alleged similar conduct by SAC Chapman. As the Acting AIGI, I directed SID send two agents (I believe it was SA Burns and SA Greer) to Texas to determine whether there was any substance to either of the allegations. The agents were down in Texas for about two weeks. Those agents and their supervisor, Joe Haban (Director of SID) subsequently met with me to discuss the results of that preliminary investigation. They reported that during that trip it was established that SA Mercer was in fact misusing his GOV and supervising the construction of a house while on government time. No evidence was established that SAC Chapman was doing anything of the sort.

Rog/2002
11/8/2002

I had previous personal knowledge that at least a year before these allegations arose; SAC Chapman had purchased some property west of Fort Worth, Texas in Weatherford, Texas, and had hired a contractor to construct a barn on that property. I specifically recall attending a Spring 2000 awards banquet in Washington, D.C., where I had a conversation with SAC Chapman in which he informed me that he had hired a contractor to build a barn on his property and that the contractor was working on it "as we spoke". For this reason I knew that the barn had already been constructed and could not have applied to the allegations of the 2001 complaint.

Based on the above facts I determined that there was no basis for the complaint against SA Chapman and directed SID to concentrate their investigation on SA Mercer. I was told in a 2001 meeting attended by myself, SA Haban and Counsel Saddler that the SAC Chapman allegations would still have to be cleared through the newly established management disciplinary panel as a formality to close the complaint against SAC Chapman.

I had no further involvement with the SAC Chapman complaint and I was not aware as the AIGI of any further investigation or action involving SAC Chapman.

I have read the above statement, consisting of two pages and it is true and complete to the best of my knowledge and belief. I understand that the information I have given is not to be considered confidential and that it may be shown to the interested parties.

*[signature]*
Robert C. Groves

Subscribed and sworn to before me in Fremont County, Colorado on this 8th day of November 2002.

*[signature]*
Witness