UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES MALLOY, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|         v. | )  Civ. Action No. 05-1117 (RCL) |
| | ) |
| STEVEN C. PRESTON, | ) |
|   Secretary Of Housing And | ) |
|   Urban Development, | ) |
| | ) |
|     Defendant. | ) |
| | ) |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION
TO ALLOW THE MAIN WITNESS TO TESTIFY OUTSIDE OF THE TRIAL PERIOD**

    Plaintiff to the above action respectfully requests that the Court deny defendant's Motion to Allow the Main Witness to Testify Outside of the Trial Period.

    Defendant has failed in three separate and essential ways to demonstrate good cause in support of its Motion.  Even were that not the case, the hardship upon plaintiff warrants denying the Motion.

    1.)  Conspicuously absent from defendant's Motion is any mention of the fact that the parties took the video-tape deposition of its supposed "Main Witness," R. Joseph Haban, on March 5, 2007 (Att. A).

    2.)  Mr. Haban's central role in this case was known from the outset (E.g., Am. Cplt. ¶¶15, 17, 20, 22, 24, 30, 43, 49, 50). Without any advance notice, Mr. Haban retired from federal service and re-located to Jessup, Georgia in October of 2006.

    3.)  Mr. Haban's unexpected retirement and absence from this jurisdiction required the parties to preserve his testimony in a

video-taped deposition taken in Jacksonville, Florida, on March 5, 2007 (Att. A).

4.)  At the video-taped deposition, counsel for both parties examined Mr. Haban (Att. A at 4).  The parties did so expecting that Mr. Haban would be unavailable for trial.

5.)  Defendant was intent on being certain that it was not prejudiced by preserving Mr. Haban's testimony on video-tape, so much so that it sent three attorneys to attend the deposition (Att. A at 4).  In all likelihood, the fact that all three of defendant's counsel have been replaced since the deposition shows nothing except that defendant's current counsel have a different trial strategy from their predecessors.

6.)  With the agreement of both parties, this Court set a trial date over four months in advance at the status conference on April 11, 2008.

7.)  Apparently, counsel for defendant neglected to inform Mr. Haban of the agreed-upon trial date; two months later, on June 10, 2008, he booked a cruise (Def. Mot., Att. A).[1]

8.)  The short of this matter is that defendant has failed to demonstrate good cause in either of three elements of its Motion: first, that it had good cause for failing to ascertain Mr. Haban's availability before agreeing to a trial date; second, that it had good

---

[1] Contrary to the assertion in Defendant's Motion, it is unlikely that the $1800 fare for Mr. Haban's cruise is completely non-refundable.  Rather:  "Service charges will be applied for changes made within 60 days of sailing" (Def. Mot., Att. A).  Furthermore, albeit on information and belief, Mr. Haban is a paid consultant for defendant.

cause for failing to inform Mr. Haban of the trial date immediately after it was scheduled; and third, that there is good cause for allowing Mr. Haban to testify "Outside of the Trial Period," as defendant has put it, in light of the fact that his testimony has already been preserved on video-tape.

    7.) Finally, the hardship upon plaintiff of allowing Mr. Haban to testify after the currently-scheduled trial date vastly outweighs any legitimate interest on defendant's part, assuming there to be any, of having Mr. Haban appear at a later date.

    8.) Furthermore, plaintiff resides in Ft. Worth, Texas. Shortly after the trial date was set, plaintiff scheduled his affairs to be away from home and in Washington, D.C., for two weeks: the week of trial, and the previous week for trial preparation.

    10.) It would work a great hardship on plaintiff to have to be in Washington, D.C., for a third week; and plaintiff respectfully submits that the hardship to plaintiff vastly outweighs any need for toaccommodate defendant with additional trial time outside of that which is currentle scheduled.

    For the foregoing reasons, plaintiff respectfully submits that the Court should deny defendant's Motion.

Respectfully submitted,


_____/s/_____
Robert C. Seldon, Esq.
  D.C. Bar No. 245100


_____/s/_____
Molly E. Buie, Esq.
  D.C. Bar No. 483767
Robert C. Seldon & Associates, P.C.
1319 F Street, N.W.
Suite 200
Washington, D.C.  20004
(202) 393-8200

Counsel for Plaintiff