IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES MALLOY, ) | |
| ) | |
|    Plaintiff, ) | |
| ) | |
|       v. ) | |
| ) | Case No. 05-1117 (RCL) |
| STEPHEN C. PRESTON, ) | |
|    Secretary of the U.S. Dept. of ) | |
|    Housing and Urban Development, ) | |
| ) | |
|    Defendant. ) | |

**REPLY IN SUPPORT OF MOTION TO ALLOW THE
MAIN WITNESS TO TESTIFY OUTSIDE OF THE TRIAL PERIOD**

**I. Introduction.**

Plaintiff's Opposition fails to address the requirement of Fed. R. Civ. P. 43(a), which mandates that "[a]t trial, the witnesses' testimony must be taken in open court. . ."  Rather than addressing this issue, Plaintiff raised red-herring arguments asserting that Defendant has not shown good cause to allow Mr. Joseph Haban, a former employee and a key defense witness, to testify outside the trial period.

Plaintiff also claims that he would suffer a hardship for allowing Mr. Haban to testify outside the trial period; however, nowhere in Plaintiff's Opposition did he argue that he would be prejudiced by allowing Mr. Haban to testify in court outside the trial period.  In fact, as explained in Defendant's Motion, without Mr. Haban's in-court testimony to explain his decisions Defendant's presentation at trial will be unduly prejudiced.  Plaintiff, however, fails to controvert this argument altogether.

1

To the extent that there is any hardship to Plaintiff, Defendant does not object to rescheduling the trial to accommodate Plaintiff. In any event, for these reasons and those elaborated further below, the Court should grant Defendant's Motion.

**II. Argument.**

**A. Rule 43(a) Requires That Mr. Haban's Testimony Be Taken In Open Court.**

Federal Rule of Civil Procedure 43(a) requires that witnesses' trial testimony "<u>must be taken in open court</u> unless a federal statute, the Federal Rules of Evidence, these rules, or other rules adopted by the Supreme Court provide otherwise." Fed. R. Civ. P. 43(a) (emphasis added). The Advisory Committee Notes on Rule 43(a) make clear that live testimony in open court is preferred:

> The importance of presenting live testimony in open court cannot be forgotten. The very ceremony of trial and the presence of the factfinder may exert a powerful force for truthtelling. The opportunity to judge the demeanor of a witness face-to-face is accorded great value in our tradition.

Notes of Advisory Committee on 1996 Amendments. Plaintiff's Opposition offers no authorities which countermand this clear direction that witness testimony must be taken in open court and, therefore, should be treated as conceded. Defendant's Motion to allow Mr. Haban to testify outside the trial period best effectuates Rule 43(a)'s mandate and should therefore be granted.

Plaintiff's red-herring argument that Mr. Haban's deposition was videotaped to preserve his testimony deposition (<u>see</u> Opp. at ¶¶ 1,3,4,5) does not compel a different result. Rule 43(a) makes clear that even contemporaneous transmission of ***live*** testimony from a different location may be permitted only "for good cause in compelling circumstances," such as when a witness takes ill or suffers an accident, but is nevertheless able to testify remotely. Fed. R. Civ. P. 43(a); *see also* Notes of Advisory Committee on 1996 Amendments (noting that "[g]ood cause and

compelling circumstances are likely to arise . . [due to] . . . [an] accident or illness"). Mr. Haban is not ill and has not suffered an accident, but rather will be out of the country and therefore unable to access electronic means by which his testimony might be transmitted contemporaneously. Even if Mr. Haban were able to testify remotely in real time, his in-court testimony is preferred under Rule 43(a). Indeed, as mentioned above, the Advisory Committee specifically noted that "[t]he importance of presenting live testimony in court cannot be forgotten." Notes of Advisory Committee on 1996 Amendments

Here, Mr. Haban's credibility is one of the essential issues in this case because it was his decisions placing Plaintiff on administrative leave and removing Plaintiff's supervisory duties that gave rise to this action. Therefore, in order for the Court to serve its truth-telling function, the Motion should be granted to ensure that Mr. Haban's testimony is heard in open court.

Without a real basis for objecting to Defendant's Motion, Plaintiff makes several factual misrepresentations regarding Mr. Haban's videotaped deposition in his Opposition that need to be addressed. First, Plaintiff contends without support that Mr. Haban retired from HUD-OIG and relocated to Georgia "[w]ithout any advance notice[.]" *See* Opp. ¶ 2. Whether Mr. Haban's retirement was planned or unanticipated is irrelevant here. In any event, not only had Mr. Haban's retirement been planned for months, HUD-OIG threw him a well-attended retirement party. *See* Affidavit of J. Bryan Howell, Esq. (Howell Affidavit) at Exhibit 1, ¶¶ 3-4.

Second, Plaintiff claims without support that Mr. Haban's deposition had been videotaped because "the parties" expected him to be unavailable for trial. *See* Opp. ¶¶ 3, 4. This is also untrue. Counsel for Plaintiff noticed Mr. Haban's deposition as a videotaped deposition without consulting defense counsel beforehand. *See* Affidavit of Richard K. Johnson, Esq. at ¶ 4 (Exh 2). Indeed, prior to opposing the Motion, Counsel for Plaintiff never offered any actual

3

reason for videotaping depositions, even when defense counsel asked him expressly; his only explanation was that the Federal Rules of Civil Procedure permit this practice "without cause needing to be shown." *Id.* ¶ 5.

Plaintiff's third factual misrepresentation is that HUD sent three attorneys to attend Mr. Haban's deposition in order to forestall prejudice that could arise from the videotaping. *See* Opp. ¶ 5. This is similarly untrue. Contrary to Plaintiff's assertion, the only counsel of record at Mr. Haban's deposition was Assistant United States Attorney Jane Lyons. Other counsel from HUD-OIG who attended the deposition are simply the "client" in this case. To cite their presence at the deposition as proof that HUD somehow anticipated Mr. Haban's later unavailability is groundless bootstrapping. HUD had every reason to expect that Mr. Haban would testify at trial. Even if the parties had all expected otherwise, those expectations would not constitute compelling circumstances that would justify ignoring Rule 43(a)'s open court testimony requirement.

For these reasons, Plaintiff's factual misrepresentations are irrelevant to the decision on this Motion. Rule 43(a) requires that Mr. Haban's testimony be taken in open court and, therefore, the Court should grant Defendant's Motion to permit him to testify after August 30, 2008.

### B.    Good Cause Exists to Grant the Motion.

Plaintiff's Opposition contends that there is no good cause why Mr. Haban should be permitted to testify in open court outside of the trial period. *See generally* Opp. As a preliminary matter, Rule 43(a) requires a good cause showing if a party ***does not*** seek to take a witness' testimony in open court. However, HUD seeks to take Mr. Haban's testimony ***in*** open court, which is the required norm under Rule 43(a), and therefore no good cause showing is

required under the Rule. The sole difficulty is that Mr. Haban is completely unavailable to appear in court during the scheduled bench trial, which is the sole reason for seeking permission to take his testimony at a later time.

Mr. Haban is an essential witness in this matter. As explained in Defendant's Motion, Plaintiff alleges that Mr. Haban retaliated against him in violation of Title VII for opposing certain discriminatory practices within HUD-OIG. Mr. Haban's official conduct is therefore central to Plaintiff's case. Unsurprisingly, Mr. Haban's trial testimony is also critical to HUD's defense, because he will explain that his actions regarding Plaintiff were legitimate responses to Plaintiff's misconduct – namely, his refusal to cooperate in an on-going internal investigation, and his attempt to obstruct that investigation by telling subordinates not to cooperate with investigators. Therefore, it is essential that the Court take the testimony of Mr. Haban firsthand, in open court, in order to assess his credibility properly and to give his testimony the appropriate weight.

Plaintiff's Opposition fails to address this issue.[1] Unless the Motion is granted, the Court will have no firsthand opportunity to assess his testimony and to ask its own questions of Mr. Haban, if necessary. To find the truth, Mr. Haban's testimony must be received and assessed in

---

[1] Plaintiff states that "all three of defendant's counsel have been replaced since the deposition" and appears to imply that the Motion may simply be due to new defense strategy. *See* Opp. ¶ 5. This is inaccurate for several reasons. First, Ms. McGrew attended Mr. Haban's deposition on HUD's behalf and remains on this case. Second, Mr. Johnson departed from the case solely because he – a Colonel in the U.S. Air Force Reserves – was called to active duty, requiring that he hand the matter to HUD-OIG Senior Litigation Counsel J. Bryan Howell, Esq. and ultimately also to HUD-OIG Senior Attorney Brian W. Baker, Esq. Third, while Ms. Lyons is no longer counsel of record, it is neither unusual nor necessarily indicative of a strategy change for one Assistant United States Attorney to replace another on a given matter as office needs dictate, as Counsel for Plaintiff – himself a former AUSA – should be aware.

open court for the Court to make a full and fair determination of the true merits of the parties' positions.

      **C.    Mr. Haban's Unavailability Is Due to Excusable Neglect, Which the Motion Sought to Remedy As Quickly As Practicable Because Good Cause Exists to Hear Mr. Haban's Testimony in Open Court.**

Plaintiff argues that HUD has shown no good cause for allowing Mr. Haban to testify outside the trial period. *See* Opp. ¶ 8.[2] This argument lacks merit, but the reasons require explanation and a frank concession. As Plaintiff's Opposition notes, the trial in this matter was set during the April 11, 2008 status conference. *See* Opp. ¶ 6. Mr. Haban's August schedule was clear as of this date when the trial date was set in April 2008. However, HUD's counsel of record changed after the status conference, and as a result Mr. Haban was not informed of the trial date before booking his international cruise. HUD regrets this oversight. However, HUD respectfully submits that it – the agency – should not be penalized for defense counsel's excusable neglect to inform Mr. Haban of the trial date quickly enough.

Fed. R. Civ. P. 6(b)(1)(B) is instructive in analogous circumstances in which a court may excuse a party's failure to act in a timely manner. Rule 6(b)(1)(B) states:

> When an act may or must be done within a specified time, the court may, for good cause, extend the time … on motion made after the time has expired ***if the party failed to act due to excusable neglect***.

*See* Fed R. Civ. P. 6(b)(1)(B) (emphasis added). The Supreme Court has set forth four factors for use in determining whether an untimely action may be attributable to excusable neglect: "(1) the danger of prejudice to the [opposing party], (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the movant acted in good faith." *Pioneer Inv. Servs. Co.*

---

[2] Plaintiff's Opposition has two paragraphs 8 and two paragraphs 7.

6

*v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380, 395 (1993).  Whether a party's neglect is excusable "is at bottom an equitable [determination], taking account of all relevant circumstances surrounding the party's omission."  *Pioneer*, 507 U.S. at 395 (edit added for clarity).  When these factors are considered, it is apparent that defense counsel's neglect is excusable in this instance, and therefore should not serve to defeat the otherwise good cause for granting the Motion.

Three of the four *Pioneer* factors favor a finding that this scheduling difficulty was due solely to excusable neglect, which indicates that such a finding would be appropriate in this limited instance.  First, granting the Motion poses no prejudice to the Plaintiff.  Indeed, Plaintiff's Opposition has not shown that Plaintiff would be prejudiced by allowing Mr. Haban to testify outside the trial period.  Granting Defendant's Motion may benefit Plaintiff.  Specifically, Plaintiff intends call Mr. Haban as a witness for approximately an hour in Plaintiff's case-in-chief.  *See* Joint Pretrial Statement § IV at 14.  Therefore, granting the Motion should *further* Plaintiff's interests by providing his Counsel with additional time in which to prepare those questions.[3]  To mitigate this hardship, HUD offers to reimburse any reasonable travel and lodging expenses for Plaintiff's return to Washington, D.C., to attend Mr. Haban's one-day, in-court testimony.

The only hardship claimed by Plaintiff is the inconvenience of traveling to Washington, D.C., from Texas.  Opp. at ¶ 8.  Plaintiff, however, chose this forum and venue.  In any event, Plaintiff's hardship does not outweigh the substantial prejudice to Defendant's defense in this case.  As noted in the Motion, HUD needs Mr. Haban to explain to the Court the legitimate, non-

---

[3] HUD does not understand why Plaintiff asserts that he would need to stay in Washington, D.C. for an entire week in order to hear Mr. Haban's few hours of testimony and counsel's closing arguments.  *See* Opp. ¶ 10.

retaliatory rationale behind his decisions, which form the basis of Plaintiff's claims. Under these facts, the first *Pioneer* factor weighs in favor of a finding of excusable neglect.

Second, granting the Motion will neither unreasonably delay nor negatively impact the bench trial proceedings in this matter. Trial is set to begin August 25, 2008. Mr. Haban is available to testify starting Tuesday, September 2, 2008, the very next week.[4] If the Motion is granted, Plaintiff's day in court would still begin on August 25; the only difference is that the trial would not conclude until taking Mr. Haban's testimony the following week.[5] This is not an unreasonable delay, especially in light of Mr. Haban's central role in Plaintiff's case and in HUD's defense.

As for whether granting the Motion would negatively impact trial proceedings, HUD is mindful that any pause in trial proceedings is a serious matter, and can impose an additional burden on court personnel. While regrettable, this burden should nevertheless be relatively minor, especially since no jurors will be inconvenienced.[6] Therefore, granting the Motion should

---

[4] Mr. Haban returns to the United States on Saturday, August 30, 2008. The Court is closed on Sunday, August 31, and Monday, September 1 for Labor Day. Mr. Haban is available to testify the very next day, September 2.

[5] According to Carnival Cruise Lines' "Cancellation by Guest" policy, Mr. Haban's ticket is non-refundable if not cancelled by August 15, 2008. See Exh. 4 at Clause No. 6.

[6] To address the Court's concerns and alleviate Plaintiff's hardship, another option is to reschedule the trial. By rescheduling the trial, Mr. Haban's testimony may be heard in open court, Plaintiff need only travel once, and the Court need not pause the trial proceedings once underway. This alternative solution is equally acceptable.

Another factor that may require rescheduling the trial is the unavailability of Ms. Tammy Gilbert. Ms. Gilber just learned today that she was diagnosed with multiple tumors and immediately informed counsel for Defendant. She is scheduled to undergo a medical procedure on August 28, 2008, and is also instructed by her doctor not to travel at all at this time. Ms. Gilbert's testimony at trial is also important to Defendant's case because she was one of the agents who heard Plaintiff make the statement "circle the wagon." See Tammy L. Gilbert Affidavit (Exh. 3). Plaintiff's "circle the wagon" remark was one of the reasons that led to

8

not unreasonably delay or negatively impact the bench trial proceedings.  This second *Pioneer* factor also weighs in favor of a finding of excusable neglect.

Third, HUD has acted in good faith at all times in connection with this scheduling difficulty.  Defense counsel immediately apprised Counsel for Plaintiff of the situation, who informed them that he personally had no objection to taking Mr. Haban's testimony once he returned to the United States, but that he needed to consult with his client.  *See* Howell Affidavit at Exhibit 2, ¶ 11.  Counsel for Plaintiff subsequently notified defense counsel that his client would not consent to this request.  *Id.* at ¶ 13.  Defense counsel then immediately prepared and filed the instant Motion to seek relief from the Court.  While this scheduling difficulty is unfortunate, it arose in good faith and defense counsel has endeavored to resolve it in good faith.  This *Pioneer* factor similarly weighs in favor of a finding of excusable neglect.

In short, *Pioneer* cautions that the determination of whether neglect is excusable is an equitable question, requiring courts to consider "all relevant circumstances surrounding the party's omission."  *Pioneer*, 507 U.S. at 395.  The omission here was not an untimely filing or a failure to abide by the Court's instructions, but simply an insufficiently prompt phone call to a witness, attributable mainly to a confusion of duties arising when the case transferred from one defense counsel of record to another.  This is regrettable, but it is understandable and therefore should not serve to bar Mr. Haban's live testimony, especially in light of Rule 43(a).

---

HUD-OIG's investigation of Plaintiff and subsequent removal of his supervisory duties.  The undersigned counsel left a voicemail with Plaintiff's counsel about this new development.

9

### III.  Conclusion

For the foregoing reasons and those set forth in Defendant's Motion, HUD respectfully requests that the Court grant the Motion in its entirety, and allow Mr. Haban to testify in open court on a date after August 30, 2008.

Date:  August 13, 2008                                Respectfully submitted,

/s/____Jeffrey A. Taylor_____
JEFFREY A. TAYLOR, D.C. Bar #498610
United States Attorney

/s/__Rudolph Contreras_____
RUDOLPH CONTRERAS, D.C. Bar #434122
Assistant United States Attorney

/s/___John C. Truong_____
JOHN C. TRUONG, D.C. Bar #465901
ROBIN MERIWEATHER, D.C. BAR # 490114
Assistant United States Attorney
555 Fourth Street, N.W.
Washington, D.C.  20530
202-307-0406

Counsel for Defendant