# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JAMES MALLOY, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>STEPHEN C. PRESTON, )<br>Secretary of the U.S. Dept. of )<br>Housing and Urban Development, )<br>)<br>Defendant. )<br>_____) | Case No. 05-1117 (RCL) |

## AFFIDAVIT OF J. BRYAN HOWELL, ESQ.

I, J. Bryan Howell, Esq., hereby declare and state under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the following facts are true and correct to the best of my knowledge:

1. I am Senior Litigation Counsel to the Inspector General for the U.S. Department of Housing and Urban Development (HUD-OIG). I have served in this capacity at all times relevant to this litigation.

### I. HABAN'S RETIREMENT

2. In my capacity as Senior Litigation Counsel, I worked closely in HUD-OIG's Washington, D.C. headquarters with former HUD-OIG Assistant Inspector General for Investigations R. Joseph Haban prior to his retirement.

3. For at least six months or more prior to retiring, Mr. Haban indicated to me on multiple occasions that he planned to retire on or about November 1, 2006. I understood from Mr. Haban

1


GOVERNMENT EXHIBIT 1

that he had informed others in Headquarters of his retirement plans, and therefore that his upcoming retirement was common knowledge at least within Headquarters.

4. On or about October 19, 2006, I attended a retirement party in Mr. Haban's honor. The retirement party was thrown by HUD-OIG Headquarters employees. By my estimation, most Headquarters employees attended the party.

## II. HABAN'S UNAVAILABILITY TO TESTIFY

5. I attended the status conference in this matter with Ms. Lyons and HUD-OIG Assistant Counsel Melinda Holliday, Esq. Ms. Holliday and I were present simply to observe the status conference.

6. At the time of the status conference, I assumed that Ms. Lyons – as counsel of record – knew of our witnesses' availability. I understood that Ms. Lyons would contact Mr. Haban and our other witnesses to apprise them of the conference's results, including the dates on which they might be expected to testify. Neither I nor Ms. Holliday contacted Mr. Haban for this purpose.

7. In June 2008, Ms. Lyons' involvement in this matter ended. Assistant United States Attorney John Truong entered an appearance on HUD's behalf at that time, and serves as counsel of record.

8. In early July I contacted Mr. Haban to arrange dates when I could travel to Georgia to begin preparing him for his testimony. When I did so, Mr. Haban informed me that he had booked an international cruise for himself and his wife, which is scheduled to depart on Saturday, August 23, 2008. Mr. Haban stated that as a result of this booking, he would be unable to testify at the trial in this matter on the dates scheduled currently.

9. I deduced from Mr. Haban's discussion with me about having booked his cruise that he had booked his cruise without having been informed by any defense counsel of the trial dates in this matter. I have subsequently verified this to be accurate.

### III. DEFENSE COUNSEL'S EFFORTS IN RESPONSE TO HABAN'S UNAVAILABILITY

10. Upon learning of Mr. Haban's unavailability to testify at trial on the dates scheduled currently, I contacted Counsel for Plaintiff, Mr. Robert C. Seldon, of Robert C. Seldon and Associates. I informed Mr. Seldon of the situation, including defense counsel's role in it, and asked him to ask his client if he would consent to hear Mr. Haban's testimony outside of the scheduled trial period, upon appropriate Motion to the Court.

11. Mr. Seldon informed me that he thought my request was reasonable, given Mr. Haban's significance to the facts of this matter and the fact that no jurors would be inconvenienced by hearing his testimony outside of the scheduled trial period. Mr. Seldon agreed to present my request to Plaintiff.

12. After several days passed without my receiving word from Mr. Seldon as to whether Plaintiff would consent to jointly move to hear Mr. Haban's testimony outside of the scheduled trial period, I contacted Mr. Seldon again to inquire whether he had heard from his client. Mr. Seldon indicated that he had not yet heard from Plaintiff on this issue, and that the decision was up to the Plaintiff. I reiterated to Mr. Seldon that this issue was important to the Defendant. Mr. Seldon told me to "not lose sleep over it," which I understood to mean that he continued to concur that it would be appropriate for Mr. Haban to testify outside of the trial period, and that he would counsel his client accordingly.

3

13. Shortly after this second call with Mr. Seldon, he informed me that Plaintiff would not consent to jointly move to hear Mr. Haban's testimony outside of the scheduled trial period. *See* Attachment 1.

14. Upon learning that Plaintiff would not jointly move to hear Mr. Haban's testimony outside of the scheduled trial period, HUD brought the instant motion.

I declare under the penalty of perjury that the foregoing is true and correct.

Date: _____

_____, BRIAN W. BAKER, FOR
J. BRYAN HOWELL, ESQ.
Senior Litigation Counsel
Office of Inspector General,
U.S. Department of Housing and Urban Development

4