## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

JAMES MALLOY,         )
                        )
      Plaintiff,        )
                        )
      v.              )       Case No. 05-1117 (RCL)
                        )
STEPHEN C. PRESTON,   )
     Secretary of the U.S. Dept. of   )
     Housing and Urban Development,   )
                        )
      Defendant.      )
                        )

### STIPULATED SETTLEMENT AGREEMENT AND DISMISSAL

THIS STIPULATED SETTLEMENT AGREEMENT AND DISMISSAL (hereinafter the "Agreement") is made and entered into by and between Plaintiff James Malloy (hereinafter the "Plaintiff") and the U.S. Department of Housing and Urban Development, Office of Inspector General (hereinafter the "Agency" or "HUD OIG").

### BACKGROUND

Plaintiff has brought Civil Action 05-cv-1117 (RCL) against the Agency for violating Title VII of the Civil Rights Act, 42 U.S.C.§§ 2000e, *et seq.* The Agency has denied the allegations made by the Plaintiff. The purpose of this Agreement is to settle the above-captioned action and set forth the parties' respective rights and obligations.

1



**AGREEMENT**

For good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, and in further consideration of the following mutual promises, covenants and undertakings, the parties agree as follows:

1.    **Monetary and Other Consideration.**

The Agency will pay to Plaintiff a total sum of Two Hundred Eighty Five Thousand Dollars and No Cents ($285,000.00), in a lump sum, without off-set, withholding or deduction, by wire transfer to the client trust account of plaintiff's counsel according to information that will be provided by plaintiff's counsel contemporaneously with the execution of this Agreement. This payment, together with the Non-Monetary Considerations set forth in Paragraph 2 below, are understood and agreed to represent full payment in full satisfaction of all of Plaintiff's claims in the instant Complaint, including any other damages available to Plaintiff under his civil action or administrative claim, and attorney fees and costs.  Payment shall be made as promptly as practicable consistent with the normal processing procedures followed by the U.S. Department of Justice and the U.S. Department of the Treasury.  Agency's counsel shall promptly prepare and submit all required documentation to the Department of the Treasury for processing of the payments, but in no event longer than 21 calendar days of the Court's execution of this Agreement.  Plaintiff bears the responsibility of any tax burden in connection to any monetary payment.

2



**2.    Non-Monetary Consideration**

In addition to the monetary compensation above (Paragraph 1), the Agency shall provide Plaintiff with the letter on HUD OIG's letterhead attached hereto as Attachment 1, signed personally in the original by either the HUD OIG Assistant Inspector General for Investigations or the Deputy Inspector General.  The content of the letter has been mutually agreed upon.

Within thirty (30) days of the Court's approval of this Agreement, the agency shall take all necessary steps to expunge the following documents from all of plaintiff's official personnel files and shall notify counsel for plaintiff in writing when such steps have been taken and when such documents have been expunged:  the Memorandum from Daniel Salas to James Malloy, Placement on Administrative Leave, Oct. 10, 2002; and the Memorandum from R. Joseph Haban to James Malloy, Return to Duty, Dec. 17, 2002.  Within the same period of time, the Agency will also expunge all documents from all of plaintiff's official personnel files that reflect other than that plaintiff retired from the Agency voluntarily effective January 3, 2003, and in good standing as an Assistant Special Agent in Charge of HUD OIG Region 6, and shall notify counsel for plaintiff in writing when such steps have been taken and when such documents have been expunged.

In all respects and for all purposes, plaintiff shall be treated as though he retired from the Agency for personal reasons as a Supervisory Assistant Special Agent in Charge with Region VI, Southwest District, effective January 3, 2003.

The Agency will accord plaintiff all rights, benefits, and courtesies to plaintiff as it accords to other Special Agents who retired in good standing, and without regard to the fact that

3



plaintiff pursued this action or the administrative discrimination complaints process that preceded it.

All Agency investigations into and inquiries about plaintiff and his conduct involving plaintiff that were open at the time of his retirement or are open now shall be closed without any finding that plaintiff engaged in any misconduct or other adverse action.

Plaintiff may refer any prospective employer or other person or organization seeking references or statements about plaintiff's employment with the Agency to the Branch Manager, Processing Operations Branch, Bureau of Public Debt, who will provide a neutral reference regarding plaintiff's employment, confirming only the information as set forth in 5 C.F.R. §293.311.

3.    **Covenants**.

In consideration of the foregoing, Plaintiff covenants, promises and agrees as follows:

a.    **Dismissal of lawsuit**.  The parties agree that this is a global settlement of the instant Complaint.  Execution of this Agreement by Plaintiff, Plaintiff's counsel and counsel for the Agency shall constitute a dismissal of this action with prejudice pursuant to Rule 41(a)(1)(ii) of the Federal Rules of Civil Procedure.  The Plaintiff further agrees that this Agreement automatically operates as the withdrawal, with prejudice, and release of any and all other pending EEO formal and informal complaints, grievances, requests for investigation, requests for Congressional inquiries, claims under other administrative procedures, appeals, or lawsuits against the Agency, or any of its current or former employees, that are or may be based upon the facts of his employment with the Agency.

4



**b.    Covenant Not To Sue.** Plaintiff covenants and agrees that he will not now or in the future bring any suit or administrative proceeding against the Agency and its successors, assigns, agents, representatives and past or present employees, with respect to any matter covered by the instant Complaint, other than an action to enforce Plaintiff's rights under this Agreement.

**4.    General Release and Waiver by Plaintiff.**

By this Stipulation, Plaintiff and defendant waive, release and abandon any and all civil claims, whether asserted or unasserted, against one another including, but not limited to, against the plaintiff, the Agency, the Defendant, the United States Department of Housing and Urban Development, and/or its/his agents, servants or employees, past or present, that arose as a result of plaintiff's employment with the Defendant, up to the date of this Stipulation. Such waived, released, and abandoned claims include, but are not limited to, the above-styled litigation and any other complaint filed or pending in any other forum whatsoever, as well as any and all other claims arising out of the events involved in said litigation or claims arising from plaintiff's employment with Defendant up to the date Plaintiff executes this Stipulation. This Stipulation shall also include all Plaintiff's claims for attorney's fees and costs incurred in connection with any administrative filings and processes, the District Court litigation process and any other proceedings involving the claims raised in this action.

**5.    No Admission of Liability.**

Execution of this Agreement shall not constitute a finding by the Court or an admission by the Agency that it violated any laws or regulations as alleged in the complaint, or that there

5



was any wrongful conduct whatsoever, nor a finding by the Court or an admission by plaintiff that the Agency is not at fault as alleged in the Amended Complaint. The Agency denies that any of its agents, servants, or employees violated any laws or regulations as alleged in the instant Complaint, or that there was any wrongful conduct whatsoever. This Agreement is entered into by both parties for the sole purpose of compromising disputed claims and avoiding the risks and expenses of further litigation.

6.    **Knowing and Voluntary Waiver of Rights and Claims.**

By executing this Agreement, Plaintiff represents that he has read this Agreement; that he has had the opportunity to consult the advisor of his choice prior to signing this Agreement; and that he executes this Agreement freely, knowingly, and voluntarily without threat, duress, coercion, or promise of any future consideration.

7.    **Governing Law.**

The Court shall retain jurisdiction to enforce the terms of this Agreement and to conduct such further proceedings and award relief as may be necessary to resolve this action finally.

8.    **Entire Agreement.**

The parties hereto acknowledge that this Agreement sets forth their full and complete understanding with regard to the resolution of the above-captioned civil action and the claims raised therein. By executing this Agreement, the parties further acknowledge that they each understand its terms; that such terms are acceptable to each; that there are no additional obligations, either written or oral, to be performed by any party beyond those set forth herein; that such terms are final and binding as to all claims related to the instant Complaint that have

6



been brought or could have been advanced on behalf of Plaintiff against the Agency; and that the

terms of this Agreement will not establish any precedent, nor will this Agreement be used as a

basis to seek or justify similar terms in any other case. The terms of this Agreement may not be

altered, amended, changed, supplemented, or modified in any manner or degree except by a

written instrument signed by each of the parties hereto.

**9.    Severability**

     Should any provision of this Agreement become invalid, illegal or unenforceable, that

shall not affect the validity or enforceability or any other provisions of this Agreement

Respectfully submitted,

__//s// Robert C. Seldon_____
Robert C. Seldon, D.C. Bar #245100
Molly E. Buie, D.C. Bar # 483767
1319 F Street, N.W. - Suite 200
Washington, D.C. 20004
(202) 393-8200

Counsel for Plaintiff

James Malloy
Plaintiff

  __/s/  Jeffrey A. Taylor__
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

  /s/   Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

  //s// John C. Truong_____
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 307-0406


J. Bryan Howell
Office of General Counsel
HUD OIG

Counsel for Defendant

7



been brought or could have been advanced on behalf of Plaintiff against the Agency; and that the terms of this Agreement will not establish any precedent, nor will this Agreement be used as a basis to seek or justify similar terms in any other case. The terms of this Agreement may not be altered, amended, changed, supplemented, or modified in any manner or degree except by a written instrument signed by each of the parties hereto.

9.      **Severability**

Should any provision of this Agreement become invalid, illegal or unenforceable, that shall not affect the validity or enforceability or any other provisions of this Agreement

Respectfully submitted,

___//s// Robert C. Seldon_____
Robert C. Seldon, D.C. Bar #245100
Molly E. Buie, D.C. Bar # 483767
1319 F Street, N.W. - Suite 200
Washington, D.C. 20004
(202) 393-8200

Counsel for Plaintiff

James Malloy
Plaintiff

/s/  Jeffrey A. Taylor
JEFFREY A. TAYLOR, D.C. BAR # 498610
United States Attorney

/s/  Rudolph Contreras
RUDOLPH CONTRERAS, D.C. BAR #434122
Assistant United States Attorney

//s// John C. Truong
JOHN C. TRUONG, D.C. BAR #465901
Assistant United States Attorney
555 4th St., N.W.
Washington, D.C. 20530
(202) 307-0406

J. Bryan Howell
Office of General Counsel
HUD OIG

Counsel for Defendant

7



SO ORDERED, on this __15th__ day of ___September___, 2008.


_____/s/_____ _ _ _
Chief Judge Royce C. Lamberth

8



**ATTACHMENT A**



U.S. Department of Housing and Urban Development

## Office of Inspector General

451 7th St., S.W.

Washington, D.C. 20410-4500

September 11, 2008

To Whom It May Concern:

This letter is intended to assure any persons who read it that James Malloy retired voluntarily on January 23, 2003, as a Supervisory Assistant Special Agent in Charge with the Office of Inspector General of the Department of Housing and Urban Development, Region VI, Southwest District, and that he retired in good standing after 29 years of federal law enforcement service.

Mr. Malloy enjoys the same rights and privileges as any other employee who voluntarily retired from the Agency.

Sincerely,

John P. McCarty

Assistant Inspector General for Investigations